State vs. Dugay.

## No. 8808.

### THE STATE OF LOUISIANA VS. RAZIS DUGAY.

Juror who states, on his *voir dire*, that he has formed and expressed an opinion as to the guilt or innocence of the accused, which opinion was based on statements made by witnesses in the case, but that this opinion would yield to sworn evidence, and would have no influence on him in the jury box and that he was free of bias or prejudice against or in favor of the accused, whom he would try impartially, is a competent juror.

APPEAL from the Nineteenth District Court, Parish of St. Mary. *Goode, J.*

*J. C. Egan,* Attorney General, for the State, Appellee.

*D. Caffery, M. J. Foster* and *P. Sigur* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J.   Appealing from a sentence of death, the accused submits to our consideration two bills of exceptions charging the following errors:

1.   That the District Judge erred in maintaining the competency of a juror who stated, on his *voir dire*, that he had heard the facts of this shooting from an eye witness; that after hearing this statement from an eye witness, he remarked that he supposed the accused " would go up," " and this remark was predicated upon the statement of the said witness, and that as a juror he would require additional evidence to change his opinion."

The bill informs us that on being further interrogated the juror stated: " that the opinion or impression which he had formed would have no effect upon him as a juror, but would yield to the evidence given in court under oath, and that he would disregard what he had heard outside of court;"     *     *     " and should the State fail to prove up the case or not introduce any evidence, his verdict would be for the prisoner."

2.   The second bill charges error in accepting as competent a juror who had stated, in his examination by counsel for the accused, " that he had heard a good deal of this case; that he had formed an opinion as to the guilt or innocence of the accused; that his opinion was fixed; that it would require evidence to change his opinion; that he would not go upon the jury with his mind free from what he had heard."

Being further examined by the District Attorney, the juror explained as follows: " that he had neither bias or prejudice, like or dislike for or against the accused; that if sworn, he would go into the jury box and render a verdict according to the law and the evidence given on the trial, regardless of what he had heard."

We think that both of these jurors were unquestionably competent.

No rational being, hearing or reading an account of a startling crime, can abstain from forming an opinion or impression touching the guilt or innocence of the party charged with the commission of the deed.

But such an opinion or impression lurking in the bosom of a sensible man who states that, when sworn to decide upon the fate of the party accused, he would hush the voice of such an impression, and would be guided in his conclusions by the sworn evidence adduced and by the law of the case, does not in the least disqualify such a man as a juror in the case. A mind free of bias or prejudice, disposed impartially to hear the evidence, and to impartially try the accused, are the essential qualifications required of a juror by the law.

. This question touching the rule for testing the qualification or competency of jurors, in reference to their impartiality, and freedom from a fixed and unmoved preconceived opinion, has been the subject of frequent investigation by this Court, and may be now considered as finally and firmly settled in our jurisprudence, in accordance with the views herein expressed.

Our last researches on this point were suggested in the case of State vs. de Rance, 34 An. p. 186, in which we took occasion to make a thorough review of previous opinions on this subject, and in which we reaffirmed the rule sanctioned in numerous cases, under which jurors who had formed and expressed opinions as to the guilt or innocence of the accused, but who asserted that they felt able to do impartial justice according to the law and to the evidence in the case, were, ruled to be competent jurors. We now distinctly and emphatically reiterate that this is the correct rule, with the reasonable hope that it will be clearly understood by the profession.

. See cases of: State vs. Bunger, 14 An. 462; State vs. Ward, 14 An. 693; State vs. Schnapper and Malone, 22 An. 43; State vs. Lartigue, 29 An. 642; State vs. Desmouchet, 32 An. 1241; State vs. Johnson, 33 An. 890; State vs. Hornsby, 33 An. 1110.

From the record it appears that the accused has had the valuable assistance of able and distinguished counsel, whose zeal and ability have shielded him from injustice, and that he has had a fair and impartial trial, and hence, we are powerless to avert his doom.

Judgment affirmed.