The opinion of the court was delivered by
McEnery, J.
The defendant was indicted for the offence of retailing intoxicating liquors without a license, convicted, and fined the sum of §310. He has appealed.
He complains of the impaneling of an incompetent juror and the overruling of his motion for a new trial on the ground of newly discovered evidence.
The juror against whom the objection is urged answered on his voir dire and stated that he had formed an opinion from conversing with one of'the witnesses for the State, but that he could lay aside the opinion he had formed and decide the case on the law and the evidence adduced on the trial. The defendant had exhausted his challenges when he challenged the juror for cause, which was overruled.
The answer of the juror disclosed that he was a competent juror, that he was free from bias or prejudice and his mind in that condition to impartially try the defendant.
In case of State vs. Dugay, 35 An. 327, this court said: “ Our last researches on this point were suggested in the case of State vs. Ranee, 34 An., p. 186, in which we took occasion to make a thorough *980 review of previous opinions on this subject and in which we reaffirmed the rule sanctioned in numerous cases, under which jurors who had formed and expressed opinions as to the guilt or innocence of the accused, but who asserted that they felt able to do impartial justice according to the law and the evidence in the case, were ruled to be competent jurors. We now distinctly and emphatically reiterate that this is the correct rule, with the reasonable hope that it will be clearly understood by the profession.” State vs. Dent, 41 An. 1083; 40 An. 740; 42 An. 255; 43 An. 365.
The answer of the juror brings him within the ruling of the cases cited.
The motion for a new trial on the. ground of newly discovered evidence is supported only by the unsworn statement of the defendant.The mere statement of the accused that he did not know of the testimony is insufficient. His statement must be corroborated. The object of the new evidence was to show that the defendant had sold the whiskey six months before the filing of the bill. This was a fact within his own knowledge, and therefore no ground for a new trial, as he could have stated the fact as a witness.
The granting of new trials is largely within the discretion of the trial judge, and will not be disturbed unless manifestly erroneous.
The other ground, that the juror,'Manning, was a nephew of the witness upon whose testimony the conviction was had, is without merit.
Judgment affirmed.