GALLOT v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 19, 1898.)

No. 647.

1. ASSIGNMENT OF ERRORS — REFERENCE TO ENTIRE CHARGE — EVIDENCE ADMITTED.

Under rule 11 of the circuit court of appeals (21 C. C. A. cxi., and 78 Fed. cxi.), requiring the assignment of errors to quote the full substance of evidence alleged to have been erroneously admitted or rejected, and to set out the part of the charge referred to totidem verbis, assignments that "the court erred in permitting evidence as shown in bills of exceptions numbers two and three," which errors can only be ascertained by a careful reading of a voluminous record, and that "the court erred in its charge," etc., referring to marked lines and numbers in the written opinion for instructions erroneously given and refused, will not be considered.

2. MISAPPLICATION OF NATIONAL BANK FUNDS—AIDING AND ABETTING—DEATH OF PRINCIPAL.

The death of the principal before indictment is no obstacle to the prosecution and punishment of one charged with aiding and abetting an officer, clerk, or agent of a national bank to abstract, misapply, or embezzle the funds thereof, in violation of Rev. St. § 5209, which makes such offense a misdemeanor.

3. COMPETENCY OF JUROR—IMPRESSIONS AND OPINIONS—IMPARTIALITY.

A juror who says he has an impression or opinion as to guilt or innocence of defendant, formed from newspapers and rumors, that it would require evidence to remove it, but that it would yield to evidence, and that he can and will give the defendant a fair and impartial trial according to the evidence that may be adduced before him, is competent.

4. CRIMINAL TRIALS—READING INDICTMENT.

Where an indictment contains many counts, all alike, except as to amounts of money and dates of misapplication, it is sufficient to read one count in full to the jury, explain the difference, and state the amount and date charged in each of the other counts.

5. TWO INDICTMENTS—CASES CONSOLIDATED—NUMEROUS COUNTS—VERDICT.

One indictment in 36 counts charged defendant with aiding in the abstraction of 36 specified amounts of money, at 36 specified dates. Another indictment charged him with aiding in the misapplication of the same amounts, upon the same dates. The two were tried together, and the jury returned a verdict of "guilty as charged." Held, that the verdict was definite, certain, responsive to the issues, and not a double conviction, the sentence imposed by the court being imprisonment for a less term than the maximum under any one count.

Pardee, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

The plaintiff in error, Louis Gallot, was indicted, tried, and convicted in aiding and abetting Louis Colomb, a bookkeeper in the Union National Bank, with the abstraction and willful misapplication of the moneys, funds, and credits of the bank. Two indictments were presented against him, which were subsequently consolidated and tried together. Each indictment contains 36 counts charging 36 separate and distinct offenses, and were drawn under section 5209 of the Revised Statutes of the United States, which is as follows: "Sec. 5209. Every president, director, cashier, teller, clerk, or agent of any association, who

embezzles, abstracts, or willfully misapplies any of the moneys, funds, or credits of the association; or who, without authority from the directors, issues or puts in circulation any of the notes of the association; or who, without such authority, issues or puts forth any certificate of deposit, draws any order or bill of exchange, makes any acceptance, assigns any note, bond, draft, bill of exchange, mortgage, judgment, or decree; or who makes any false entry in any book, report, or statement of the association, with intent, in either case, to injure or defraud the association or any other company, body politic or corporate, or any individual person, or to deceive any officer of the association, or any agent appointed to examine the affairs of any such association; and every person who with like intent aids or abets any officer, clerk, or agent in any violation of this section, shall be deemed guilty of a misdemeanor, and shall be imprisoned not less than five years nor more than ten." In one indictment he is charged with the aiding and abetting in the abstraction of 36 specified amounts of the moneys, funds, and credits of the Union National Bank upon 36 specified dates. In the other indictment he is charged with aiding and abetting in the willful misapplication of the same amounts upon the same dates as charged in the first indictment. To each of the indictments Gallot filed a plea, pleading the death of Louis Colomb prior to any indictment as a bar against the trial of himself. Demurrers were filed to the pleas, and were sustained, and the pleas overruled. Gallot then filed demurrers to the indictment, again objecting to be tried upon the charges because of the death of Louis Colomb. These demurrers were overruled, and the case went to trial, resulting in a verdict of "guilty as charged." It now comes before this court on five bills of exceptions and twenty-six assignments of error.

J. R. Beckwith, for plaintiff in error.

J. Ward Gurley, for the United States.

Before PARDEE and McCORMICK, Circuit Judges, and SWAYNE, District Judge.

SWAYNE, District Judge, after stating the facts as above, delivered the opinion of the court.

By the nineteenth and twentieth assignments of errors it is set out that the court erred in permitting evidence as shown in bills of exceptions Nos. 2 and 3, which errors, it would seem, this court was expected to ascertain by a careful reading of over 60 pages of record, and an inspection of the questions and objections and the rulings of the court, and exceptions thereto taken by the defendant below, contained therein. By the twenty-third and twenty-fourth assignments of errors we are informed that the court below erred in its charge given to the jury in each portion thereof marked by lines in said written opinion and marked 1, 2, 3, 4, 5, 6, 7, 8, and 9, and shown in the bill of exceptions No. 5, and the court erred in refusing each of the several charges and instructions in Nos. 2 and 5 as shown in the bill of exceptions. Rules 10 and 11 of this court (21 C. C. A. cxi., and 78 Fed. cxi.) are as follows:

(10) "The judges of the circuit and district courts shall not allow any bill of exceptions which shall contain the charge of the court at large to the jury in trials at common law, upon any general exception to the whole of such charge. But the party excepting shall be required to state distinctly the several matters of law in such charge to which he excepts; and those matters of law, and those only, shall be inserted in the bill of exceptions and allowed by the court."

(11) "The plaintiff in error or appellant shall file with the clerk of the court below, with his petition for the writ of error or appeal, an assignment of errors, which shall set out separately and particularly each error asserted and intended to be urged. No writ of error or appeal shall be allowed until such assignment

of errors shall have been filed. When the error alleged is to the admission or to the rejection of evidence, the assignment of errors shall quote the full substance of the evidence admitted or rejected. When the error alleged is to the charge of the court, the assignment of errors shall set out the part referred to totidem verbis, whether it be in instructions given or in instructions refused. Such assignment of errors shall form part of the transcript of the record and be printed with it. When this is not done, the counsel will not be heard, except at the request of the court; and errors not assigned according to this rule will be disregarded, but the court, at its option, may notice a plain error not assigned."

The assignments of errors Nos. 19, 20, 23, and 24 being in violation of the above rules 10 and 11 of this court, we decline to examine and pass upon the questions attempted to be raised thereby.

The first nine, and the 15th, 16th, 17th, 18th, 22d, 26th, and 27th assignments of errors raise the question so often repeated in the record of the right of the defendant, Louis Gallot, to be tried, under section 5209, as an aider and abettor of Louis Colomb, who was then dead, and had not been indicted or prosecuted during his lifetime. The ingenious and able argument of counsel for plaintiff in error was interesting, and, had it not been for the statute (section 5209) in question, would be effective. He seemed to be thoroughly familiar with and dwelt at length on the decisions at common law, and even extended his argument to the consideration of accessories to crime both before and after the fact. Without attempting to review the numerous cases cited and commented upon, we think a consideration of the statute above quoted and some of the decisions relating thereto will dispose of the question. The act (section 5209) in question was passed by congress for the purpose of sustaining and protecting national banks created by and under its authority, and by its express language the crime charged is made a misdemeanor. Whether this was done to prevent persons charged with crime from availing themselves of the pernicious technicalities that had crept into the common-law decisions and practice in regard to principal and accessory, we are not now called upon to decide; but no one can question the authority of congress to make such classification, or the binding force of it in reference to the application of different rulings that belong thereto. Hence the able argument of counsel for defendant, both oral and printed, directed to the common-law decisions of principal and agent, does not apply to this case. Congress has established the offense here charged to be a misdemeanor, and he who aids or abets in committing such an offense can be tried independently as a principal, irrespective of the presence of the one he aided. The supreme court of the United States, in U. S. v. Gooding, 12 Wheat. 475, passes upon a similar statute, and declares:

"The fifth instruction turns upon a doctrine applicable to principal and accessory in cases of felony, either at the common law or by statute. The present is the case of a misdemeanor, and the doctrine, therefore, cannot be applied to it; for in cases of misdemeanor all those who are concerned in aiding or abetting, as well as in perpetrating the act, are principals. Under such circumstances there is no room for the question of actual or constructive presence or absence, for, whether present or absent, all are principals. They may be indicted and punished accordingly. Nor is the trial or conviction of any actor indispensable to furnish a right to try the person who aids or abets the

act. Each, in the eye of the law, is deemed guilty as a principal. In the present indictment, the offense is in the third and fourth counts laid, by aiding and abetting, in the very terms of the act of congress. If the crime, therefore, could be supposed to be of an accessorial nature, it is truly alleged, according to the fact, not merely according to the intendment of law. We do not consider that the terms 'aid' and 'abet,' used in this statute, are used as technical phrases, belonging to common law, because the offense is not made a felony, and therefore the words require no such interpretation. The statute punishes them as substantive offenses, and not as accessorial, and the words are, therefore, to be understood as in common parlance, to import assistance, co-operation, and encouragement."

The plaintiff in error in this case is indicted under a special statute (Rev. St. § 5209), and it is evident upon inspection of this statute that its spirit and purpose is to punish every president, officer, cashier, or agent, etc., and likewise to punish every person who aids or abets said officer or agent in any violation of the section. There is no difficulty about the definition of the word "aid," and "abet" is defined as follows: "To aid, countenance, encourage in, to incite, stimulate, or instigate to a criminal act." Therefore the purpose of this trial was to ascertain whether any such officer, clerk, or agent had violated the act, and whether Louis Gallot, the plaintiff in error, had aided him in doing so; not for the purpose of convicting the officer or agent, but for the sole purpose of ascertaining the guilt or innocence of the plaintiff in error; and the objection that Louis Colomb was dead, and had passed beyond the realm of human courts, so often repeated, without being indicted or tried, and that he could not now be tried because the presumption of his innocence that existed in his lifetime had followed and attached to his record after death, and that he could not be tried as a principal, therefore the question as to whether the plaintiff in error had ever aided him in the commission of such offense was beyond the power of the federal courts to determine, we think was not well taken. The offense charged against the plaintiff in error is a misdemeanor. He was properly tried under the circumstances, and he was the only person on trial; and the only necessity of inquiring into the record of the doings of Louis Colomb was to ascertain whether or not a crime had been committed, not for the purpose of convicting the said Colomb, but for the purpose of enabling the jury to determine whether or not the defendant below had aided in the commission of the offense as charged in the indictments. Plaintiff in error's rights on the trial as to the admission of evidence and in all other respects were equal to and as well protected as if Louis Colomb had been in court and on trial with him. He suffered no disadvantage from his absence, and had no right to complain because he was tried alone.

The next question of law raised by the 10th, 11th, 12th, 13th, and 14th assignments of error is to the competency of certain jurors impaneled in the case, on the ground that they had previous to the trial formed an impression from newspapers and rumors and other sources as to the guilt or innocence of the defendant. They also stated that these impressions and opinions would yield to evidence, and that they could and would give the defendant a fair and impartial trial according to the evidence that might be

produced before them as jurors. Some of them stated that it would require evidence to remove their impressions. It will need but a short review of the cases on this subject to show that these objections are not well taken. In the state of Louisiana the supreme court, in the case of State v. Covington, 45 La. Ann. 979, 13 South. 266, in a short opinion announces the settled law of the state as follows:

"The juror against whom the objection is ruled answered on his voir dire, and stated that he had formed an opinion from conversing with one of the witnesses for the state, but that he could lay aside the opinion he had formed, and decide the case on the law and the evidence adduced on the trial. The defendant had exhausted his challenges when he challenged the juror for cause, which was overruled. The answer of the juror disclosed that he was a competent juror, that he was free from bias or prejudice, and his mind in that condition to impartially try the defendant. In the case of State v. Dugay, 35 La. Ann. 327, this court said: 'Our last researches on this point were suggested in the case of State v. De Rancé, 34 La. Ann. 186, in which we took occasion to make a thorough review of previous opinions on this subject, and in which we reaffirmed the rule, sanctioned in numerous cases, under which jurors who had formed and expressed opinions as to the guilt or innocence of the accused, but who asserted that they felt able to do impartial justice according to the law and the evidence in the case, were ruled to be competent jurors. We distinctly and emphatically reiterate that this is the correct rule, with the reasonable hope that it will be understood by the profession.' State v. Dent, 41 La. Ann. 1083, 7 South. 694; State v. Dorsey, 40 La. Ann. 740, 5 South. 26; State v. Ford, 42 La. Ann. 255, 7 South. 696; State v. Garig, 43 La. Ann. 365, 8 South. 934. The answer of the juror brings him within the rulings of the cases cited."

In Spies v. State, 123 U. S. 179, 8 Sup. Ct. 30, Chief Justice Waite, speaking for the court, says:

"In Reynolds v. U. S., 98 U. S. 145, we said 'that upon the trial of the issue of fact raised by' a challenge to a juror in a criminal case, on the ground that he had formed and expressed an opinion as to the issues to be tried, 'the court will practically be called upon to determine whether the nature and strength of the opinion formed are such as in law necessarily to raise the presumption of partiality. The question thus presented is one of mixed law and fact, and to be tried, as far as the facts are concerned, like any other issue of that character, upon the evidence. The findings of the trial court upon that issue ought not to be set aside by a reviewing court, unless the error is manifest. * * * It must be made clearly to appear that upon the evidence the court ought to have found the juror had formed such an opinion that he could not, in law, be deemed impartial. The case must be one in which it is manifest the law left nothing to the "conscience or discretion" of the court.'"

The language of the late Chief Justice Agnew of Pennsylvania is so appropriate; and expresses our views so correctly, upon this subject, in which some commendable progress has been made in this country during the last half century, that we adopt it in this connection:

"We must either recede, and go back to the practice of an age when ignorance of passing events constituted a characteristic of the time, and exclude every juror who has formed any opinion, even the slightest, or we must stand abreast with the present age, when every remarkable event of to-day is known all over the country to-morrow, and exclude those only whose opinions are so fixed as to be prejudgments, or have been formed on the known evidence in the case. It is needless to say the world moves and carries us with it, and if we lag behind we must commit the trial of the most important causes in life to

those so ignorant their dark minds have never been smitten by the rays of intelligence." O'Mara v. Com., 75 Pa. St. 424, 428.

The twenty-first assignment of errors is as follows:

"(21) The court erred in allowing the district attorney to state the indictments herein to the jury after partial reading thereof, as shown in bill of exception No. 1 herein."

It appears from the record that the first count of each indictment was read to the jury in full. Then it was explained to them that the only difference between the counts read and the remaining counts in the indictment was the respective amounts and dates, and the amount and date charged in each count was then stated in their respective order. This method gave the jurors a perfect and clear understanding of the contents of the indictments,—an understanding that would not have been improved by reading the whole of the indictments in full, with all of the legal verbiage contained therein,—and this was a method which in no way prejudiced the defendant, and gave him no cause of complaint. See Agnew v. U. S., 165 U. S. 44, 17 Sup. Ct. 235, and cases cited therein.

The remaining question of law raised by the twenty-fifth and part of the twenty-sixth assignments of error is that the verdict in the case was not responsive to the issues in the indictments, and was uncertain and indefinite, and was a double conviction on each and every specific sum named in the indictments. As we have already seen, the indictments in this case and the charges contained therein are clear and specific. The verdict of the jury is as follows: "New Orleans, June 29th, '97. We, the jury, find the defendant guilty as charged. Geo. Norton, Foreman." Briefly, it is as clear and positive and emphatic as the English language can express it, and it is in the usual, proper, and legal form. As to the question of double conviction, it has been abundantly established that a verdict of guilty upon the whole indictment must stand if any one of the counts is sustained by competent testimony; and the sentence imposed by the court of eight years in the penitentiary at Columbus, in the state of Ohio, being two years less than the maximum penalty that could have been imposed upon him upon any one count of the indictments, gives him no cause for complaint. For the reasons given in Gardes v. U. S. and Girault v. Same, 87 Fed. 172, the sentence imposed on the prisoner is modified by striking out the words "at hard labor," and, thus modified, the judgment appealed from is affirmed.

PARDEE, Circuit Judge (dissenting). While congress may have the power to make the aiders and abettors of national bank officials in the embezzlement and misapplication of bank funds principal offenders, and triable as such, yet in section 5209, Rev. St., it has not done so. This appears from the plain reading of the section, and is the construction given by the supreme court of the United States. In Coffin v. U. S., 162 U. S. 664, 669, 16 Sup. Ct. 943, 946, that court, in considering the proper construction of section 5209, says:

"However, the real premise upon which the whole argument rests, is that, if the accused was guilty at all, he was guilty as a principal, and not as an aider and abettor. But it is not necessary to give much time to the consideration of this claim, in view of the clear intent of congress as expressed in the statute under review. It is evident that, no matter how active the co-operation of third persons may have been in the wrongful act of a bank officer or agent, such third person is required to be charged as an aider and abettor in the offense, and prosecuted as such. The primary object of the statute was to protect the bank from the acts of its own servants. As between officers and agents of the bank and third persons co-operating to defraud the bank, the statute contemplates that a bank officer shall be treated as a principal offender. In every criminal offense there must, of course, be a principal, and it follows that without the concurring act of an officer or agent of a bank third persons cannot commit a violation of the provisions of section 5209. If, therefore, a violation of the statute in question is committed by an officer and an outsider, the one must be prosecuted as the principal and the other as the aider and abettor."

There is no warrant in the common law, nor in any statute of the United States, for indicting, trying, and convicting an accessory or aider and abettor, or a subordinate offender, when the principal offender dies before indictment and trial. In the same case the following instruction to the jury was approved:

"The burden of proving Haughey and the defendants guilty as charged rests upon the government, and this burden does not shift from it. Haughey and the defendants are presumed to be innocent until their guilt in manner and form as charged in some count of the indictment is proved beyond a reasonable doubt. To justify you in returning a verdict of guilty, the evidence should be of such a character as to overcome this presumption of innocence, and to satisfy each one of you of the guilt of Haughey and the defendants as charged, to the exclusion of every reasonable doubt."

Without warrant from the common law, and in the absence of statutory authority, and in the teeth of the presumption of innocence, how can a court and jury find a dead man guilty of a crime beyond a reasonable doubt? Congress has seen fit to declare the offenses denounced by section 5209 to be misdemeanors. All the same they are conceded to be infamous crimes, because of the punishment awarded, and offenders under the statute must be tried accordingly. It is submitted that if congress, by naming an offense, can place infamous crimes in the category of misdemeanors, congress can also provide for principal and subordinate offenders in misdemeanors, and intend that the trial and proceedings under the statute shall be according to the well-known and understood rules heretofore governing the trial of subordinate offenders. I do not deem it necessary to further elaborate my reasons. The exhaustive brief of the learned counsel for the plaintiff in error deals with this question in a masterly manner, and the convictions resulting from its study compel me to announce my very respectful dissent from the opinion and judgment of the court.