JOSHUA STRAIT *v.* STATE OF MISSISSIPPI.

CRIMINAL LAW. *Burglary. Decoy.*

> One who is let into a building by a decoy or detective in the
> service of and acting for the owner, is not guilty of burglary in
> so entering.

FROM the circuit court of Lauderdale county.

HON. GREEN B. HUDDLESTON, Judge.

Strait was indicted for burglary, tried, convicted, and appealed to the supreme court. The opinion states the facts of the case.

*Alexander & Alexander* and *F. G. Lewis,* for appellant.

On the uncontroverted facts appellant was not guilty of burglary. The authorities are uniform. There is not a discordant note. The cases are compiled and the law stated in 5 Am. & Eng. Enc. L., 51, and in *Conner* v. *People,* 25 L. R. A., 341.

In the case at bar the breaking, the opening of the door with the key, was by Green Morton the decoy employed by Ethelridge & McBeath. The case is within the rule announced in *People* v. *Collins,* 53 Cal., 185. Many cases are compiled and the true rule stated, in a note to *Thompson* v. *State,* 81 Am. Dec., 365. The following cases are to the point: *State* v. *Jansen,* 22 Kan., 498; *Com.* v. *Hollister,* 157 Pa., 13; *People* v. *McCord,* 76 Mich., 200; *Sanders* v. *People,* 38 Mich., 218; *Allen* v. *State,* 40 Ala., 334.

*Monroe McClurg,* attorney-general, for the appellee.

It avails the appellant nothing that he did not unlock the door: his intent was to enter the office to steal, and if he let Morton have the key to escape himself the guilt of burglary, he was again deceived, not by Morton, but by himself, in

that he gained admission by fraud, intending to steal, and
is as guilty of the burglary as if he had knocked the door
down to get in.    That he furnished the key with which the
door was opened, and that he entered, is not denied.    His con-
duct at the moment he was seized, and having the key that
unlocked the inner door, as well as his confession to McBeath
and Culpepper, and his testimony with reference to Morton's
several propositions to go in an office, show conclusively the in-
tent with which he entered.

It is beyond question that the owners did not consent for
their office to be burglarized, nor did they give any instructions
to Morton, nor did the owners or Morton suggest the burglary.
On the contrary, the owners pulled the windows down, closed
the inner door to the safe and locked it, shut the outer door
of the safe, and turned on the day combination and closed
and locked the office doors and went home.    Mr. Ethridge tes-
tified that he did not want his office burglarized.    The only
thing consented to by them was that the thief be caught, and
when they understood that a scheme was on foot, about which
they were not consulted, to catch the thief that night, they
interposed no objection.

The correct doctrine is stated in *Alexander* v. *State,* 12
Texas, 540, as follows: "If the owner, in order to detect a
number of men in the act of stealing, directs a servant to ap-
pear to encourage the design, and lead them on until the in-
tent is completed, so long as he did not induce the original
intent, but only provided for its discovery; after it was formed,
the criminality of the thieves will not be destroyed," citing
3 Chit. C. R. Law, 925; 4 Blk. Com., 230, note.

The weight of authority is unquestionably against the idea
that wrongdoers may be excused because of anybody's permis-
sion to commit an offense.    1 Bish. Crim. Law (1892), secs.
258 and 262; *People* v. *McDonnell,* 80 Cal. (1889), 285
(293-5); *People* v. *Hanselman,* 76 Cal. (1888), 460; *State*

v. *Jansen,* 22 Kan. (1889), 498 (504); *Thompson* v. *State,* 18 Ind. (1862), 386, 387; *Rolland* v. *Com.,* 82 Pa. (1876), 306 (323); 1 McClain's Crim. Law., sec. 118; *People* v. *McCord,* 76 Mich. (1889), 200 (205); *Love* v. *People,* 160 Ill. (1896), 501 (502); *United States* v. *Whiltier,* 5 Dill., 35; *People* v. *Greening,* 102 Cal. (1894), 384 (387); *State* v. *Stickney,* 53 Kan. (1894), 208 (310); *Dodge* v. *Brittain,* Meigs (Tenn.), 84; *State* v. *Snell,* 22 Neb. (1887), 481; *People* v. *Morton,* 4 Utah (1896), 407; *Conner* v. *People,* 18 Col., 373, reported with notes in 25 L. R. A., 341.

Argued orally by *C. H. Alexander,* for appellant, and by *Monroe McClurg,* attorney-general, for appellee.

TERRAL, J., delivered the opinion of the court.

Joshua Strait, a colored boy, was indicted in the circuit court of Lauderdale county for burglary in breaking and entering the law office of Etheridge & McBeath, with intent to steal.

Etheridge & McBeath were attorneys at law at Meridian, Mississippi, and having a belief that their office had been often entered by some person, and having a suspicion that the defendant was such person, one or both of the prosecutors requested Green Morton to trace up the matter. Strait was the office boy at a neighboring office, and had the key thereto of his master. Morton, in laying a snare for the defendant, pretended to him that he had left a bundle in the office of Etheridge & McBeath, and received from Strait the key used by him in his employment, and with it opened the office of Etheridge & McBeath and entered the same, and the defendant, Strait, also entered with him, and being immediately set upon, they were arrested, and the defendant, being indicted and convicted of burglary, appeals.

Green Morton, in endeavoring to entrap the defendant, and in getting from him the key with which he opened the office of

Etheridge & McBeath, and in leading the defendant into the office, was acting at the instance of the prosecutors, either as a decoy or as a detective, and in either case he was operating under the license of the owners, and could not have been guilty of an unlawful act, and because Morton was not guilty of burglary, the defendant could not be guilty of burglary in entering the office at the instance and by the act of Morton. Green Morton himself opened the door of the office of Etheridge & McBeath, and unless he is guilty of burglary as the principal felon, the defendant cannot be guilty of crime. At common law the actual doer of an illegal act amounting to felony was called a principal in the first degree, and another, being with him to aid or assist in the commission of the act, is denominated a principal in the second degree; and a principal in the second degree could only be guilty of the crime committed by the principal in the first degree. It is plain that Morton is not guilty of burglary, because he was acting at the instance of the prosecutors, and he was expected by the prosecutors to use his own judgment in luring the defendant into a trap to be set for him. Whar. Am. Cr. Law, sec. 117; *United States* v. *Libby,* 1 Wood & Minot, 221.

In 1 McClain's Crim. Law, sec. 118, it is said: "The only question in the case of decoys is as to whether defendant has committed a criminal act. Of course, if he has joined with one who pretends to be a confederate, but in reality is acting as a detective, and therefore has no criminal intent, he will not be criminally liable for acts done by the detective, although present to aid and assist; for while such presence and aid would make him a confederate in the case of a real crime, it cannot render him guilty where no real crime is committed. Thus it is held that if in burglary an officer or a servant, under the instructions of the owner, admits the intended burglar to the house, pretending to be in collusion with him, there is no burglary committed."

Maule, J., so ruled in *Reg.* v. *Johnson,* 1 Carr. & Marsh, 41 E. C. L. R., 123. Ten of the twelve judges of the Exchequer Chamber so ruled in Donnelly's case, 1 Russell & Ryan, 310.

And this is the American doctrine. *Love* v. *People,* 160 Ill., 501; *People* v. *McCord,* 76 Mich., 200, 205; *Connor* v. *People,* 25 L. R. A., 341.

The defendant was let into the office of the owners by a decoy operating at their instance, and, however reprehensible the act be morally, he is not guilty of burglary. His conviction was wrongful.

*The verdict and judgment is set aside and reversed, and a new trial is awarded.*