CROW *v.* KNOWLES *et al.*

(In Banc.   May 22, 1944.   Suggestion of Error Overruled July 6, 1944.)

[18 So. (2d) 148.   No. 35578.]

**Maynard, Fitzgerald & Maynard,** of Clarksdale, and **J. D. Magruder,** of Tunica, for appellant.

Brewer & Sisson, of Clarksdale, and **W. L. Bankston**, of Tunica, for appellees.

Argued orally by William F. Maynard, for appellant, and by Ed. C. Brewer, for appellees.

Alexander, J., delivered the opinion of the court.

Crow filed his bill for an accounting and discovery against Knowles in connection with the employment of Crow as plantation manager for appellee for the years 1937-1941 inclusive. The contract was oral. It is agreed that Crow was to receive $100 per month and at least 25% of the net profits from operation of the plantation. There is dispute of Crow's claim that he was to receive 50% of such profits and one-fourth of the profits from a sale of the plantation. The latter was sold in 1941 at a substantial increase above its cost price. From the operations, there was a loss of $10,369.17 the first year, 1937. In each of the following years there was shown a substantial net profit, the sum total of which is less than the losses the first year.

Appellant introduced four witnesses, himself, his wife, the defendant Knowles and an auditor. At the conclusion of complainant's case, the defendant moved for decree dismissing the bill. The motion was granted and from this decree Crow appeals.

The only theory which would sustain a decree against complainant's claim for a share in operational profits is that such profits were to be computed upon an overall or an entirety basis. Such theory ignores not only common practice and custom but also the testimony of both parties to the agreement. Knowles testified that Crow was to receive, in addition to a monthly salary of $100, "25% of the operations of the property each year." It is only by charging against each of the subsequent years the loss taken the first year that the account can show a loss. Disregarding the circumstances that a substantial part of the "expense" the first year consisted of betterments, equipment and permanent investment, we find no warrant for retaining the net loss as a permanent charge against

future profits so as to affect the agreement here. If this could be sanctioned, it would mean that if, after four successful and profitable years, a loss were incurred the fifth year, Crow could be charged with a refund from past profits to balance an over-all loss. Principles of partnership are not involved. By common practice and custom, as well as upon authority, we must take note of the practical meaning of rents and profits as here referable to annual accounting. Taylor v. Harwell, 65 Ala. 1, 11; Equitable Life Ins. Co. of Iowa v. Brown, 220 Iowa 585, 262 N. W. 124; In re Eger's Will, 139 Misc. 59, 247 N. Y. S. 527, 529.

Since the case must be reversed, it is not necessary to resolve the question as to the implications in the decree sustaining the motion to exclude and dismiss. Whether there is implicit in the chancellor's decree a finding of factual issues is not adjudged since these must follow the case upon remand. These issues involve the propriety of allowing Knowles as part of operational expenses a rental charge of $7,500 which is asserted to include "replacement, insurance, taxes and repairs," and if allowed, whether it is telescoped into a fixed depreciation as claimed by appellee. The latter item is relevant upon the computation of net profits from the sale of the property in the event a contract for division thereof shall be established. Since the learned chancellor found that there were no over-all operational profits, we assume that the issue as to whether a division thereof was to be upon a one-fourth or one-half basis was not decided.

Reversed and remanded.