WAGES *v.* STATE.

Division B. Dec. 4, 1950.

No. 37698 (49 So. (2d) 246)

Edward J. Bogen, for appellant.

George H. Ethridge, Assistant Attorney General, for appellee.

Alexander, J.

This appeal is from a conviction for burglary. It is practically conceded that the evidence was sufficient to make a case for the jury and we so find. The errors assigned are: (1) the giving of an instruction for the State after the jury had retired to consider its verdict; and (2) the giving of an instruction for the State.

With reference to the first assignment, the record discloses that after the jury had retired and during their deliberations:

"One of the jurors, Mr. Haxton, stated to the Court that they were confused as to the indictment and that what they wanted to know was that if they believed that the defendant had something to do with the crime charged or the planning of it but was not actually present at the commission of the crime, i. e., unlawfully breaking and entering the house, could they still find the defendant guilty.

"Mr. Sanders: Whereupon, at the request of the State, and over the objection of the Defendant, instruction No. 3 for the State was granted by the Court and delivered to

the jury, and instruction No. 4 for the Defendant was presented to the Court for approval and refused.'' The judge stated that the following proceedings were thereupon had: ''When the jury reported, through their bailiff, that they desired further instruction, the Court had them come into open court in front of the bench and inquired of them what it was they wanted to know and informed the jury that the Court was unable to give them any instructions except in writing, such as might be requested by attorneys for the State and for the Defendant, and returned them to their room for further deliberations.

''Mr. Sanders: The instruction given to the jury for the State was presented to the Defendant's counsel for examination and reading before submission.''

While ▮▮▮ an orderly procedure would require that all instructions be submitted before the jury retires, accent is upon a clear understanding of, and instruction upon, the controlling issues, and not upon procedural formulas. In the absence of prejudice, it is more important what the jurors are instructed upon than when it is done, unless they are secretly instructed. Here, the defendant was apprised of the request by the State for an instruction to meet the jury's inquiry, and indeed the defendant requested an additional charge to meet it, which was refused. There was no request for further argument in the light of the legal principles thus presented. We find no reversible error in the course followed. Goss v. State, 205 Miss. 177, 38 So. (2d) 700.

The second assignment is directed to an instruction for the State, allegedly the one granted under the circumstances mentioned above. Its substance is as follows: ''. . . if you believe . . . that Hollis Wages alone, or in conjunction with others . . . did break and enter . . . and that he or they did . . . steal . . . and that the defendant Grady Wages . . . did assist, abet, counsel and take part in the planning and

carrying out of said crime . . . that he is guilty as charged in the indictment . . . ."

 The indictment charged burglary but the evidence, chiefly circumstantial, indicates that the defendant was at least an accessory. He was therefore liable as a principal. Code 1942, Section 1995.

Objections to the instruction hover about the limited premise that Hollis Wages, acting alone or in conjunction with others, committed the actual breaking. The proof as to burglary by Hollis Wages is scant. He is a brother of the defendant and was jointly indicted but granted a severance. On the night of the burglary, Hollis borrowed the truck of the appellant which shortly thereafter was found to contain bits of broken materials identified as having come from an iron safe of the type stolen during the burglary. Other incriminating articles were discovered in the truck. Bits of insulating materials similar to those found in the truck were also detected in a broom in defendant's place of business and in clothing belonging to him. The broken safe was located in a drainage ditch several miles from the scene. There were other incriminating details which need not be set out. The corpus delicti was fully proven.

The interesting question is presented whether the State has limited the bases for conviction to a finding that Hollis Wages alone or with others committed the burglary. Without doubt it need not have done so since it is not prerequisite that the identity of the principal be shown in order to convict an accessory. While guilt of an accessory presupposes guilt of a principal, Strait v. State, 77 Miss. 693, 27 So. 617, the identification of the crime transcends in importance the identity of the criminal. In Dean v. State, 85 Miss. 40, 37 So. 501, 502, an instruction was held proper which charged the jury that: "If they believe from the whole evidence, beyond a reasonable doubt, that Wash Honey was murdered, and that Jim Dean aided, assisted, and encouraged Will Campbell or any other person in murdering Wash

Honey, then he is as guilty as such other person, and the jury should return a verdict of guilty." The conviction was upheld on the ground that if the accessory aided Campbell "or 'any other person,' " he was guilty.

There is apparent ambiguity in the holding in Osborne v. State, 99 Miss. 410, 55 So. 52, 54, which, after citing our statute fixing guilt upon an accessory "whether the principal has been previously convicted or not" stated "it is absolutely necessary to prove the party guilty who actually committed the felony". This statement is sandwiched between the foregoing quotation from the statute and the following comment: "It is true that under this section the accessory can be tried and punished as a principal, before or after the principal has been tried." Reconciliation is possible only by assuming that the premise for trial of the accessory is proof that some person was guilty as a principal. As stated, this is shown beyond cavil by proof of the corpus delicti. Further authority is found in Commonwealth v. Knapp, 9 Pick., Mass., 496; State v. Posey, 4 Strob, S. C., 103; Reg. v. Harrington, 5 Cox C. C. 231; Tudor v. Commonwealth, 19 Ky. 706, 43 S. W. 187; Howard v. Commonwealth, 110 Ky. 356, 61 S. W. 756; State v. Green, 4 Strob., S. C., 128; Gallot v. U. S., 87 F. 446, 31 C. C. A. 44.

We take note of the proviso in the instruction that the burglary was committed by Hollis Wages acting alone or in conjunction with others, thus implying that Hollis Wages had some part therein. This was prejudicial, if at all, only to the State.

There is considerable authority that even an acquittal of a supposed principal does not bar prosecution of an accessory where the fact of the crime is clearly established. 14 Am. Jur., Criminal Law, Section 93; 8 Ann. Cas. p. 440. Certainly the escape of a masked gunman in a car driven by an accessory from the scene of murder should not redound to the advantage of the latter, for he is accessory to the crime rather than to the principal.

It could well be said that the State assumed a larger burden than necessary in thus predicating the guilt of appellant. A pertinent analogy is found in a holding that in a case of murder the identity of the inanimate lethal instrumentality used is not so important as the fact that one was so used. Murray v. State, 202 Miss. 849, 32 So. (2d) 789, certiorari denied, 333 U. S. 869, 68 S. Ct. 787, 92 L. Ed. 1147; Howard v. State, Miss., 18 So. (2d) 148; Compare Adams v. State, 175 Miss. 868, 167 So. 59.

The counter-instruction, tendered by the defendant after the jury had retired, required an acquittal unless the jury believed that the defendant "is guilty exactly as charged in the indictment," that is, as a principal. This does violence to the principles set forth above, and to the provisions of the statute. We detect no reversible error in the record.

Affirmed.