# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-CT-00187-SCT

*DWAN DIONDRO WAKEFIELD a/k/a DWAN*
*DIONDRO WAKEFIELD, JR.*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 12/18/2019 |
| TRIAL JUDGE: | HON. STEVE S. RATCLIFF, III |
| TRIAL COURT ATTORNEYS: | THOMAS M. FORTNER |
| | VALERIE MOSS ANDREWS |
| | RANDALL HARRIS |
| | SCOTT E. ROGILLIO |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROBERT SHULER SMITH |
| | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: GEORGE T. HOLMES |
| | MOLLIE MARIE McMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ALLISON KAY HARTMAN |
| DISTRICT ATTORNEY: | JOHN K. BRAMLETT, JR. |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 03/28/2024 |
| MOTION FOR REHEARING FILED: | |

EN BANC.

COLEMAN, JUSTICE, FOR THE COURT:

¶1. Dwan Wakefield gave a ride to Byron McBride after McBride stole a car, kidnapped, and murdered a six-year-old boy. A Madison County jury convicted Wakefield under Mississippi Code Section 97-1-5 for three counts of aiding McBride in the car theft, kidnapping, and murder. We granted Wakefield's petition for writ of *certiorari* to address

whether a defendant may be charged with multiple counts of accessory after the fact for each felony committed by a principal without offending the Fifth Amendment's protection against double jeopardy.

¶2.    We hold today that, under the unit of prosecution test, the State may charge multiple violations of Section 97-1-5 for each felony committed, and we affirm the judgments of the Court of Appeals and of the Madison County Circuit Court.

### FACTS

¶3.    On May 18, 2017, Wakefield drove his aunt's vehicle to Kroger on I-55 in Jackson with Byron McBride and D'Allen Washington to sell marijuana in the parking lot.  While they were waiting, Ebony Archie entered the store, leaving her vehicle running with her six-year-old son Kingston asleep in the backseat.  McBride stole Archie's vehicle with Kingston inside.  Shortly thereafter, a frantic Archie alerted authorities, and authorities issued an Amber alert for Kingston and a BOLO (be on the lookout) for both Archie's and Wakefield's vehicles.

¶4.    According to Wakefield, he begged McBride to abandon the vehicle with Kingston safely inside, and he promised to give McBride a ride home if he did so.  McBride did indeed leave Archie's vehicle on the side of the road in Madison County, and Wakefield drove him home.  Evidence at trial showed that McBride informed Wakefield that he had murdered Kingston during the drive. When Archie's vehicle was recovered, authorities found Kingston in the fetal position in the backseat floor of the car, covered in blood, with gunshot wounds in each of his arms, his right eye, and the back of his head.

¶5.     Wakefield was apprehended outside of his aunt's home. He consistently placed responsibility on McBride for stealing Archie's car and killing Kingston. Wakefield also insisted that he would not have given McBride a ride home had he known that McBride murdered Kingston. Nevertheless, Wakefield still took him home, bypassing the heavy police presence at the Kroger on I-55. Both Wakefield and McBride were apprehended shortly thereafter.

## PROCEDURAL BACKGROUND AND TRIAL

¶6.     Wakefield was initially charged alongside McBride for capital murder. Ultimately, however, Wakefield was indicted for accessory after the fact to murder, accessory after the fact to kidnapping, and accessory after the fact to auto theft. Wakefield's trial was held in October 2019 in the Madison County Circuit Court, and the jury found him guilty on all three counts. The circuit judge denied Wakefield's post-trial motion, and he appealed.

¶7.     The Court of Appeals found no reversible error and affirmed Wakefield's convictions and sentences. *Wakefield v. State*, No. 2021-KA-00187-COA, 2023 WL 2489444, at *13 (¶ 69) (Miss. Ct. App. Mar. 14, 2023). We granted Wakefield's petition for writ of *certiorari* to consider his argument that his convictions for three counts of accessory after the fact violate the prohibition against double jeopardy.

## DISCUSSION

I.     **Whether the State placed Wakefield in jeopardy by charging him with three violations of the same statute, Mississippi Code Section 97-1-5.**

¶8.     The grand jury indicted Wakefield for three violations of Mississippi Code Section

3

97-1-5 for being an accessory after the fact to McBride's crimes of murder, kidnapping, and auto theft, respectively. On appeal, Wakefield argues he was thrice put in jeopardy for being so charged under the same statute. Specifically, Wakefield contends his indictment was multiplicitous because, while McBride committed three distinct acts (auto theft, kidnapping, and murder), Wakefield committed the single, solitary act of giving McBride a ride home; Wakefield thereby insists he is being punished multiple times for one offense in violation of the Double Jeopardy Clause.

¶9.     The Double Jeopardy Clause of the Fifth Amendment "protects against multiple punishments for the same offense[,]" *Dancy v. State*, 287 So. 3d 931, 940 (¶ 35) (Mis. 2020) (internal quotation marks omitted) (quoting *White v. State*, 702 So. 2d 107, 109 (Miss. 1997)), and "the protection against double jeopardy is a fundamental right . . . ." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Rowland v. State*, 42 So. 3d 503, 508 (¶ 14) (Miss. 2010), *overruled on other grounds by Howell v. State*, 358 So. 3d 613 (Miss. 2023)). Multiplicitous charges, those that charge "a single offense in more than one count" "may violate the Fifth Amendment's prohibition against double jeopardy due to the possibility that the defendant will receive more than one sentence for a single offense." *McGlasten v. State*, 328 So. 3d 101, 103 (¶ 11) (Miss. 2021) (internal quotation mark omitted) (quoting 41 Am. Jur. 2d *Indictments and Informations* § 196 (2015)). "We apply a *de novo* standard of review to claims of double jeopardy." *Hardy v. State*, 137 So. 3d 289, 304 (¶ 55) (Miss. 2014) (internal quotation marks omitted) (quoting *Kelly v. State*, 80 So. 3d 802, 804 (¶ 8) (Miss. 2012)).

4

¶10.    The circuit court applied the test from ***Blockburger v. United States***[1] and concluded that Wakefield was not put in jeopardy. On appeal, Wakefield argues that the allowable-unit-of-prosecution test found in ***Sanabria v. United States***, 437 U.S. 54, 70 (1978), is the correct test. Under the allowable-unit-of-prosecution test, when a defendant is charged with multiple violations of a single statute, the relevant inquiry is "[w]hether a transaction results in the commission of one or more offenses is determined by whether separate and distinct acts made punishable by law have been committed." ***United States v. Prestenbach***, 230 F.3d 780, 783 (5th Cir. 2000) (quoting ***United States v. Guzman***, 781 F.2d 428, 432 (5th Cir. 1986)). Moreover, "[t]he principle underlying this rule is that the 'unit of prosecution' for a crime is the *actus reus*, the physical conduct of the defendant." ***Id.*** at 783.

¶11.    A defendant will be found guilty of accessory after the fact, pursuant to Section 97-1-5, if he "concealed, received, or relieved any felon, or . . . aided or assisted any felon . . . to escape or to avoid arrest, trial, conviction or punishment after the commission of the felony . . . ." Miss. Code Ann. § 97-1-5(1) (Rev. 2014). According to the State, the above wording of Section 97-1-5 provides that each felony committed by the principal is a distinct unit of prosecution. The Court of Appeals agreed, reasoning as follows: "[T]his statute criminalizes the act of assisting any felon, while 'knowing the person committed *a* felony.' Based on this wording, we find that each felony constitutes a separate unit of prosecution, and therefore

---

[1]The United States Supreme Court held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." ***Blockburger v. United States***, 284 U.S. 299, 304 (1932) (citing ***Gavieres v. United States***, 220 U.S. 338, 342 (1911)).

allows for multiple convictions under the statute." *Wakefield*, 2023 WL 2489444, at *7 (¶ 40). Thus, because the State produced evidence that McBride committed the three felonies and that Wakefield had knowledge of the felonies, the Court of Appeals concluded that Wakefield was an accessory to each felony McBride committed. *Id.* at *10.

¶12. We agree with the Court of Appeals' reasoning and therefore hold that Section 97-1-5 provides a distinct unit of prosecution for each felony committed by the principal.

## CONCLUSION

¶13. For the purposes of Mississippi's accessory after the fact statute, Section 97-1-5, we hold today that each felony committed by a principal offender constitutes a single unit of prosecution. Thus, Wakefield was not put in jeopardy by being charged with three separate counts under Section 97-1-5.

¶14. **AFFIRMED**.

**RANDOLPH, C.J., MAXWELL, BEAM, CHAMBERLIN AND GRIFFIS, JJ., CONCUR. KITCHENS, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY KING, P.J., AND ISHEE, J.**

**KITCHENS, PRESIDING JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶15. I agree with the majority that Wakefield's three accessory after the fact charges do not merge into a single charge simply because he performed the single act of giving the principal a car ride. Mississippi's accessory after the fact statute is derived from the common law principle that the liability of an accessory is derived from that of the principal. *See* Miss. Code Ann. § 97-1-5(1)(a)(i) (Rev. 2014); *see also Wages v. State*, 210 Miss. 187, 49 So. 2d 246 (1950); *State v. Labella*, 232 So. 2d 354, 356 (Miss. 1970). At common law, an

6

accessory after the fact could be liable for multiple crimes committed by the principal; therefore, I agree that when an accessory has knowledge of multiple felonies committed by a principal, an accessory after the fact correspondingly can be subject to multiple units of prosecution.[2]

¶16.   I write separately, however, to observe that because the principal's crimes of murder and kidnapping merged into the single crime of capital murder, Wakefield's crimes of accessory after the fact to murder and accessory after the fact to kidnapping also merged into the single crime of accessory after the fact to capital murder. Our case law already recognizes that when the principal committed capital murder, the appropriate corresponding charge is accessory after the fact to capital murder. *See Mack v. State*, 650 So. 2d 1289 (Miss. 1994) (witness in death penalty case pled guilty to accessory after the fact to capital murder); *Calloway v. State*, 281 So. 3d 909 (Miss. Ct. App. 2019) (affirming conviction of attempted accessory after the fact to capital murder).

¶17.   Jurisdictions with similar common law based accessory statutes have held that "the accessory's liability must have a basis in the liability of the principal. Therefore, when the convictions of the principal merge, the convictions of the accessory must also merge. When the convictions of the principal do not merge, neither will the convictions of the accessory merge." *Heard v. United States*, 686 A.2d 1026, 1030-31 (D.C. 1996)); *see also Perez*, 770

---

[2] Wakefield's argument might be successful in a jurisdiction in which the accessory statute is not derived from the common law. Some jurisdictions depart from derivative liability and instead treat accessory as a single "independent offense of obstruction of justice." *Commonwealth v. Perez*, 770 N.E.2d 428, 433 (Mass. 2002) (quoting Model Penal Code § 242.3).

N.E.2d 428.

¶18.    Further, to the extent our law is ambiguous on whether the two accessory charges should merge, "the rule of lenity mandates we interpret the statute in favor of the accused." *McGlasten v. State*, 328 So. 3d 101, 102 (Miss. 2021). The same sentencing statute applies to accessory after the fact to murder, kidnapping, and capital murder, and provides that the sentence will be "for a period not to exceed twenty (20) years[.]" *See* Miss. Code Ann. § 97-1-5(1)(a)(i) (Rev. 2014). Currently, Wakefield is serving a twenty year sentence for accessory after the fact to murder to be followed consecutively by a twenty year sentence (fifteen to serve) for accessory after the fact to kidnapping. Therefore, as applied to Wakefield, the rule of lenity mandates that his two convictions merge and that he be resentenced for the single crime of accessory after the fact to capital murder.

¶19.    I would affirm Wakefield's conviction and five-year sentence for accessory after the fact to auto theft—a unit of prosecution not subject to merger.[3] I would, however, remand Wakefield's convictions and sentences for accessory after the fact to kidnapping and accessory after the fact to murder for the trial court to vacate the sentences, merge the two convictions, and resentence Wakefield for the single crime of accessory after the fact to capital murder. *See McGlasten*, 328 So. 3d 101.

¶20.    Therefore, I concur in part and dissent in part.

        **KING, P.J., AND ISHEE, J., JOIN THIS OPINION.**

---

[3] How this sentence should be served—concurrently or consecutively— relative to the sentence for accessory after the fact to capital murder is of course a matter of discretion for the trial court.