## STATE v. MAY.

INDICTMENT—AMENDMENT—SEC. 57, CRIMINAL CODE, CONSTRUED.—
   An indictment which charges that an offense was committed "in the year of our Lord one thousand eight hundred and ninety-   ," may be amended upon the call of the case for trial by filling in the blank with the proper year. Construing sec. 57, Criminal Code.

Before BENET, J., York, April, 1895.   Modified.

Three indictments, for unlawfully selling whiskey, were found against John May. The following is the one referred to in the opinion:

At a Court of General Sessions, begun and holden in and at Yorkville, in the county and State aforesaid, on the first Monday of April, in the year of our Lord one thousand eight hundred and ninety-five. The jurors of and for the county of York aforesaid, in the State of South Carolina aforesaid, that is to say, upon their oaths, present, that John May, on the fifth day of January, in the year of our Lord one thousand eight hundred and ninety   , with force and arms, at

Yorkville, in the county of York and State aforesaid, and on divers other days since that day, up to the twenty-fifth day of January, in the year aforesaid, did willfully and unlawfully sell to one J. B. Smith, and to certain other persons to the jurors unknown, certain spirituous and alcoholic liquors, to wit: Corn whiskey by the pint, and in divers quantities to the jurors unknown, then and there having no permit so to sell, against the form of the statute in such case made and provided, and against the peace and dignity of the said State aforesaid.

On call of case for trial, defendant moved to quash this indictment for reasons stated in the order of the Court. The State moved to amend this indictment by inserting "five" after the word "ninety." After argument, the Court granted the following order:

1. In this indictment for retailing spirituous liquors, in which James Lilly is prosecuting witness, the allegation states the offense as having occurred in January, 1890. The offense being statutory, and all statutes prior to January 2d, 1895, imposing penalties for selling liquor, having been repealed, the defendant's motion to quash is sustained, and this indictment is ordered quashed accordingly.

2. In the two other indictments found at this term, in which R. M. Sherrer and James R. Parish are named as prosecuting witnesses, respectively, the indictments, after alleging specific offenses with certain persons, proceeds as follows: "And to certain other persons to the jurors unknown." Defendant demurred to this allegation in each indictment, and moved to have stricken out. The Court holds the exception well taken. Each sale to a different person is a distinct offense, and separate and distinct offenses at different times cannot be united in an indictment. The motion to strike out the words quoted is granted as to each indictment.

From this order the solicitor appeals, on the following exceptions, alleging error:

(1) In refusing the motion of the State to amend the

first indictment by inserting the word "five" after the word "ninety."

(2) In ordering stricken out of the other indictments the following words, to wit: "And to certain other persons to the jurors unknown."

(3) In holding that separate and distinct offenses at different times cannot be united in one indictment, although such offenses are identical in character.

The defendant gave notice that he would move this Court to sustain the order on the following grounds: 1st. Because the indictments contained but a single count, and this count charged two or more distinct offenses.    2d. Because the allegation charging sales to "Certain other persons to the jurors unknown," on "divers other days," does not "fully, fairly, plainly, substantially, and formally" apprise the defendant of the charges that he is to answer.

*Mr. J. K. Henry*, solicitor, for appellant.

*Messrs. Hart & Hart*, contra.

Jan. 3, 1896. The opinion of the Court was delivered by

MR. JUSTICE GARY.    The above caption embraces three cases called for trial at the April term of the Court of General Sessions for the county and State aforesaid.    A copy of the indictment, in which J. B. Smith is the prosecuting witness, will be set out in the report of the case.    The other indictments are similar, except as to dates, and names of persons to whom the sales were alleged to have been made. On the call of the cases for trial, defendant made a motion to quash the indictment in which J. B. Smith is the prosecuting witness, and to amend the other indictments in the particulars and on the grounds stated in the order of his Honor, Judge Benet, which will also be set out in the report of the case.    The solicitor moved to amend the said indictment by inserting the word "five" after the word "ninety," which was refused by the Court.    From this order the so-

licitor appealed, upon exceptions which, together with the grounds upon which the respondent asks this Court to sustain said order, will be incorporated in the report of the case.

Section 57 of the Criminal Law of South Carolina provides that: "If there be any defect in form in any indictment, it shall be competent for the Court before which the case is tried to amend the said indictment: *Provided*, Such amendment does not change the nature of the offense charged," etc. It will be observed from an inspection of the indictment, that the date is mentioned as "on the fifth day of January, in the year of our Lord one thousand eight hundred and ninety    ;" thus showing that it was incomplete, and that it was a mere clerical error in failing to fill out the blank. Even, however, if the indictment had set forth the date as "eighteen hundred and ninety," still the amendment should have been allowed. *State* v. *Ray*, Rice, 1.

We understand that the solicitor does not insist upon the second and third exceptions. They, however, could not be sustained.

It is the judgment of this Court, that the order of the Circuit Court be modified in the particular herein mentioned.