## 7841

### STATE v. RICHEY.

1. PLEADINGS—INDICTMENT—AMENDMENTS.—The date alleged in an indictment as the time of the commission of an offense may be changed after bill found without resubmitting to grand jury.
   *State* v. *Brown,* 24 S. C., 224, *overruled in part by State* v. *May,* 45 S. C., 509.

2. EVIDENCE—RAPE.—Upon indictment of the carnal knowledge of a girl under fourteen years of age, sexual intercourse before and after she attains that age is competent.

Before SHIPP, J., Abbeville, September, 1909. Affirmed.

Indictment against R. A. Richey for carnal knowledge of a girl under 14 years. Defendant appeals.

*Mr. Wm. P. Greene,* for appellant, cites: *Evidence of subsequent act:* 45 N. W. 1109; 73 S. W. 401; 34 So. R. 840; 16 N. W. 131; 48 Am. R. 734; 62 L. R. A. 335. *As*

*to amending indictment:* 24 S. C. 224; 33 S. C. 112; 80 S. C. 405.

*Solicitor R. A. Cooper,* contra. Oral argument.

March 27, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The defendant was convicted and sentenced under an indictment charging him with carnal knowledge of Martha Hall, a woman child under fourteen years of age.

The first question presented by the exceptions is whether it was error to allow the solicitor to amend the indictment, found September term, 1909, which charged that defendant committed the offense on day of December, 1907, by inserting the first day of the month, without resubmitting the indictment to the grand jury.

The amendment was permissible under the authority of *State* v. *May,* 45 S. C. 509, 23 S. E. 513, which sustained an amendment changing the year named in the indictment from 1890 to 1895, on the ground that the amendment did not change the nature of the offense charged and was within the provisions of section 58, Criminal Code. Previous to this legislation, designed to make indictments less technical, it was the settled law that it was not necessary to prove the precise day or year laid in the indictment, except where time entered into the nature of the offense or is made a part of the description of it. *State* v. *Anderson,* 3 Rich. 176; *State* v. *Porter,* 10 Rich. 148.

In so far as time may be regarded as entering into the nature or description of the offense charged, it appears in the allegation of the indictment that on day of December, 1907, the defendant ravished Martha Hall, a maiden child under fourteen years of age; and it would be necessary to prove that the victim was under the age of fourteen at

the time of the offense. Whenever it is not necessary to prove the precise time as alleged it should be competent under section 58 to amend the allegation as to time. To this extent *State* v. *Brown,* 24 S. C. 224, must be regarded as inconsistent with and overruled by *State* v. *May, supra.*

A more serious question is presented by the exceptions which assign error in allowing the introduction of evidence of acts of illicit intercourse between defendant and Martha Hall subsequent to the time when she became fourteen years old.

The time of the offense as laid in the indictment as stated was first day of December, 1907. The prosecutrix became fourteen years old January 23, 1908. She had been living in the house of defendant since a small child and looked upon him as if he was her father. After testimony that defendant had illicit intercourse with her along in November or December, 1907, a good many times before she became fourteen years old, the Court allowed testimony that this relation continued during the summer and fall of 1908, that in February, 1909, prosecutrix went to the Door of Hope, in Columbia, S. C., and there on May 1st, 1909, gave birth to a child, which the prosecutrix testified was begotten by the defendant.

The general rule of evidence is that on trial for one crime, testimony of other distinct and independent crimes is not admissible.

But to this rule there are well established exceptions, well stated in *People* v. *Molineux,* 62 L. R. A. 240, in this language: "Generally speaking, evidence of other crimes is competent to prove the specific crime charged when it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; (5) the indentity of the person charged with the commission of the crime on trial, Wharton Crim. Ev., 9th Ed., par. 48;

16—88

Underhill Ev., par. 58; Abbott Trial Brief. Crim. Trials, par. 599.". Two recent cases illustrate the exceptions, *State* v. *Davis, infra*, 204, wherein testimony of a subsequent homicide was admitted as a part of a scheme of murder connected with murder charged, and *State* v. *Duncan, infra*, 217, where testimony of subsequent offense was admitted to show motive and identity of prisoner.

In the elaborate note of *People* v. *Molineux, supra*, at page 329, the learned annotator states: "In offenses involving carnal intercourse of sexes, including adultery, fornication, seduction, rape, incest, the exceptions to the general rule have been most liberally extended and for a reason peculiar to these crimes," and at p. 335, *et seq.* cases are cited for and against the proposition that evidence of subsequent acts is admissible.

The conflict on this subject is exhibited by the case of *State* v. *Palmberg,* 199 Mo. 233, 116 Am. St. Rep. 476, against the admission of such evidence, and the case of *Sykes* v. *State,* 112 Tenn. 572, 105 Am. St. Rep. 976, in favor of admission of such evidence.

The great weight of authority sustains the admissibility of prior acts and we think the better view is in favor of the admissibility of both prior and subsequent acts provided either has any reasonable tendency to show the commission of the crime charged.

In *State* v. *Williams,* 72 Me. 531, the Court said: "Latterly courts and text writers are rapidly falling in with the view that acts prior and also subsequent to the act charged in the indictment, when indicating a continuousness of illicit intercourse, are admissible in evidence as showing the relation and mutual disposition of the parties; the reception of such evidence to be largely controlled by the Judge who tries the cause, and the evidence to be submitted to the jury with proper explanation of its purpose and effect."

This view has the support of high authority. *Thayer* v. *Thayer,* 101 Mass. 111, 100 Am. Dec. 110; *Crane* v.

*People* (Ill.), 48 N. E. Rep. 56; *State* v. *Robertson* (N. 'C.), 28 S. E. Rep. 59; *Sykes* v. *State,* 112 Tenn. 572, 105 Am. St. Rep. 972; Wharton Crim. Ev., 8th Ed., sec. 35; Elliott Ev., par. 176, and note. The testimony tended to show a continued illicit intercourse between the same parties in the home of the defendant covering the time alleged in the indictment and under the rule stated was admissible.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.