## 11542

### STATE v. RUSH *ET AL.*

#### (123 S. E., 765)

1. CRIMINAL LAW—NOT ERROR TO REFUSE TO DIRECT VERDICT OR GRANT NEW TRIAL ON EVIDENCE TENDING TO ESTABLISH GUILT.— Where there is any evidence tending to establish guilt on charges alleged, neither a refusal to direct a verdict of acquittal nor a refusal to grant a new trial is an error of law.

2. CRIMINAL LAW—WHETHER EVIDENCE IS INCONSISTENT WITH INNOCENCE QUESTION FOR JURY.—Whether evidence fulfills requirement of rule that all facts and circumstances must be inconsistent with innocence is a question going to weight of the evidence, for jury to determine.

3. CRIMINAL LAW—VERDICT NOT NECESSARILY SET ASIDE BECAUSE INCONSISTENT AS TO DIFFERENT DEFENDANTS.—A verdict of guilty of manufacturing whiskey as to two defendants need not necessarily be set aside because inconsistent with verdict of acquittal as to another defendant, even though the evidence of guilt of each is identical.

4. INDICTMENT AND INFORMATION—PERMITTING TRIAL AMENDMENT AS TO ALLEGED DATE OF OFFENSE NOT PREJUDICIAL ERROR.—After all the evidence was in, the Court, under Code Criminal Procedure 1922, § 91, could allow State to strike out the words "divers other days" from an indictment charging defendant with manufacturing whiskey on August 23, 1923, and "divers other days," and insert in lieu thereof "between the 20th day of August and 23d day of August, 1923, inclusive," and such amendment was not prejudicial error.

Before MAULDIN, J., Greenwood, Fall Term, 1923. Affirmed.

Dave Rush and another were convicted in the County Court of manufacturing whiskey. . From an order of the Circuit Court affirming the judgment of the County Court, they appeal.

*Mr. Lloyd B. Harrison,* for appellant, cites: *Directed verdict:* 118 S. C., 496; 123 S. C., 486.

*Messrs. Mays & Featherstone,* for another appellant, cite: *Insufficient evidence and verdict should have been directed:*

116 S. E., 927; 113 S. E., 797. *Jury may separately convict or acquit defendants when the evidence against all is the same:* 16 C. J., 1104; 92 S. C., 425. *Indictment:* 8 S. C., 243. 24 S. C., 224; Code of C. P. 1922, Sec. 91, 89.

*Messrs. Marshall F. Sanders, County Solicitor* and *H. S. Blackwell, Circuit Solicitor,* for the State, cite: *Testimony uncontradicted:* 120 S. E., 747; 91 S. C., 265; 120 S. C., 105; 58 S. C., 444; 110 S. E., 756; 118 S. E., 311. *Indictment:* 1 Rich., 90; 61 S. C., 12; 3 Rich., 172. *Amendment:* 4 McCord 332.

July 8, 1924.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Dave Rush, Foster Rush and Walter Deal were tried in the Greenwood county court upon an indictment, dated October 1, 1923, charging them with manufacturing whisky on August 23, 1923. Walter Deal was acquitted, and Dave Rush and Foster Rush were convicted. Upon appeal to the circuit court, the judgment of the county court was affirmed. From the order of the circuit court, affirming the judgment of the county court, the defendants Dave Rush and Foster Rush bring this appeal.

The appellants were represented in the courts below and are represented here by separate counsel, and their exceptions are separately stated and separately argued.

The exceptions of both parties, the majority of which are not entitled to consideration for noncompliance with the requirements of rule 5, § 6, of this court *(Jackson v. Carter,* [S. C.] 121 S. E., 559. *Cudd v. Moore,* [S. C.] 119 S. E., 837) will be treated together and considered and discussed to the extent, liberally construed, they may be held to present any points directed to the assignment of errors of law, the only class of errors this Court has jurisdiction to review in a case of this character.

The proposition most strenuously advanced is that the trial judge committed error of law in refusing to direct a verdict of acquittal and in refusing to grant a new trial as to each of the defendants upon the ground that the evidence was insufficient to support a conviction. If there was any evidence adduced tending to establish the guilt of the accused upon the charge laid, neither of the rulings of the trial Judge complained of can, of course, be imputed to him as error of law. Our only legitimate inquiry, therefore, is whether there was any competent evidence properly submissible to the jury. If there was, its weight and sufficiency were for the jury, in the first instance, and for the trial Judge, in the second and last instance, in passing upon the motion for new trial. We have carefully reviewed the record of the trial, and are entirely satisfied that there was sufficient evidence adduced tending to establish the guilt of the accused to require submission of the case to the jury. Since the facts of no two cases are ever so nearly identical or closely assimilated as to make the factual showing in one case a sound precedent for a ruling in another case upon the precise question here involved, a detailed statement and argumentative discussion of the evidentiary facts would serve no useful purpose.

In reaching the conclusion that there was evidence for submission to the jury, and that the direction of a verdict would have been improper, we have not overlooked appellants' contention that the evidence was wholly circumstantial, and that the circumstances relied upon to establish guilt did not measure up to the requirements of the law, "in that they were susceptible of reasonable explanation other than that" of defendants' guilt. Whether the evidence as to the two Rushes was wholly circumstantial is open to grave doubt, but, if so, as held by this Court in *State v. Roddy,* 120 S. E. 359:

"Whether the evidence adduced fulfills the requirement of the rule of evidence that all the facts and circumstances

must be consistent with the guilt of the accused, and inconsistent with his innocence, is a question that goes to the weight of the evidence, and is clearly for the determination of the jury, as the triers of the facts, under appropriate instructions of the court."

Nor have we overlooked the contention that in passing on the motion for a new trial the presiding judge should have set the verdict aside for inconsistency, in that Walter Deal was acquitted and the two Rushes convicted. As was said in *State v. Clayton,* 11 Rich. 581, 593:

"This is not a case in which confederacy or combination is necessary to constitute the crime. One or several may be guilty."

In such a case, even where the evidence as to all the defendants is the same, we know of no sound reason or principle of law, applicable to criminal trials in this jurisdiction, which would necessarily require that a verdict acquitting one and convicting others should be set aside. Assuming that there was evidence sufficient to convict, and that it was identically the same as to the guilt of each defendant jointly indicted, because the jury, in the exercise of their exclusive prerogative to decide the facts, see fit to acquit one and convict the others, it is not apparent why such a finding should impose any duty on the court to set aside the verdict as to the parties convicted. The extent to which juries in the rendition of verdicts should be required to conform to the dominion of Emerson's "hobgoblin of little minds," is a matter for the trial judge, in the exercise of his sound discretion, to grant new trials when it appears that a verdict is so capricious as to indicate or involve a miscarriage of justice. But, even if sound, the principle here invoked has no application to the case at bar, for the reason that the evidence adduced as to the guilt of each of the parties jointly indicted was not the same. The acceptance by the jury of Deal's story as to his connection with the still, to the extent of giving him the benefit of the

doubt, did not by any means involve the acceptance of the truth of the representations of the Rushes upon which Deal claimed to have acted. We think the difference in the evidence affords an entirely rational basis for the difference in the verdict, and in no view was the trial judge guilty of error of law or abuse of discretion in refusing to set aside the verdict on the ground that it was inconsistent.

The only remaining contention requiring notice is directed to the point that the trial judge erred in allowing an amendment to the indictment. The indictment charge the commission of the offense of manufacturing on the 23d day of August, 1923, and on "divers other days." When all the evidence had been introduced, the court permitted the words, "divers other days," to be stricken from the indictment on motion of the defendant Deal, and the words, "between the 20th day of August and the 23d day of August, 1923, inclusive," to be inserted in lieu thereof on motion of the state. There was evidence tending to establish that the offense had been committed between the 20th and 23d, as alleged by the amended indictment, and the insertion of the specification as to time seems to have been sought by the state and allowed by the Court on the theory that it merely conformed the indictment to the proof. Since time was not of the essence of the offense charged, there was no necessity for the change in the form of the indictment. *State v. Anderson,* 3 Rich., 176. *State v. Porter,* 10 Rich., 148. *State v. Branham,* 13 S. C., 392. *State v. Reynolds,* 48 S. C., 384; 26 S. E., 679. *State v. Prater,* 59 S. C., 271; 37 S. E., 933. *State v. Green,* 61 S. C., 12; 30 S. E., 185. But, since the amendment did not change the nature of the offense charged, it was entirely competent for the Court to allow it. Sction 91, Code Crim. Proc. 1922; *State v. May,* 45 S. C., 509; 23 S. E., 513. The position of one of the appellants that, while the original indictment charging the commission of the offense "on August 23, 1923, and divers other days" was good and sufficient, the

indictment as amended was bad, in that it did not allege the time of the commission of a continuing offense with sufficient definiteness, is manifestly illogical and untenable. The amendment was obviously beneficial rather than detrimental to the interests of the defendants, and in no view of the case can we perceive that the court's ruling involved any error of which appellants are entitled to complain.

All exceptions are overruled, and the judgment of the circuit court is affirmed.

Messrs. Justices Watts, Frazier and Cothran concur.

Mr. Chief Justice Gary did not participate.