16657

STATE v. McCRAE

(72 S. E. (2d) 451)

*Messrs. W. E. Jenkinson,* of Kingstree, and *McEachin, Townsend & Zeigler,* of Florence, *for Appellant,*

*Messrs. Frank A. McLeod,* of Sumter, and *Shuler & Harrell,* of Kingstree, *for Respondent,*

August 11, 1952.

TAYLOR, Justice.

The appellant was indicted in the Court of General Sessions for Williamsburg County, June 1, 1951, on three counts:

The first count alleges that appellant:

"On the 15th day of May, in the year of our Lord one thousand nine hundred and fifty-one, and divers other days both since and before the taking of this inquisition, with force of arms, at Kingstree, in the County and State aforesaid, did unlawfully sell, barter, exchange, store and keep in his possession in his place of business on the Kingstree-Hemingway public highway, spirituous, malt, vinous, fermented, brewed alcoholic liquors and beverages and did thereby maintain and keep a common nuisance against the form of the statute in such cases made or provided and against the beliefs and dignity of the State."

The second count alleges a nuisance under section 1881, South Carolina Code of 1942.

The third count alleges that appellant:

"On the 15th day of May (April written in in ink) in the year of our Lord one thousand nine hundred and fifty-one, with force of arms, at Kingstree in the County and State aforesaid, did willfully and unlawfully exchange, barter, sell and deliver to one Roswell Scott (written in in ink) alcoholic liquors without having first obtained a license to do so, against the form of the Statute in such cases made and provided and against the beliefs and dignity of the State."

The case was tried before the Honorable G. Duncan Bellinger, Presiding Judge, and a jury at the September, 1951, term of said Court.

After direct and cross-examination, during both of which one of the State's witnesses testified that the date of the crime was May 15th as charged in the indictment, the State

moved to amend by changing the date from May 15th to April 15th which amendment was allowed before re-direct examination of the witness. The appellant pleaded surprise due to the change, but the court allowed the amendment.

At the close of the State's case, appellant made a motion for a directed verdict of not guilty on all counts. The court granted the motion on the second count, but refused it as to the first and third counts and appellant was found guilty upon these counts. Motion for a new trial was duly made and refused and the court imposed a sentence generally of three years in prison upon the two counts.

Section 1880 of the 1942 Code, the statute upon which the first count in the indictment is founded, reads as follows:

"The unlawful sale, barter, exchange, storage and keeping in possession in this State of any spirituous, malt, vinous, fermented, brewed (whether lager or rice beer), or other liquors and beverages, or any compound or mixture thereof which contains alcohol and is used as beverage, is hereby declared a common nuisance."

Appellant contends that the 1945 ABC Act, South Carolina Statutes 1945, 44 St. at Large, page 337, which carries a provision that all acts or parts of acts inconsistent therewith are repealed, operates to repeal by implication Section 1880 heretofore referred to in that Subsection c of Section 14 deals with the wrongful keeping and storing of alcoholic liquor in a place of business and Subsection i (2) of Section 14 provides the punishment for violation thereof. Subsection b makes it unlawful to have in possession unstamped liquor in any place with the punishment not to exceed $100.00 fine or 15 days imprisonment, while Section 1880 makes no distinction where the liquor in possession is situated. He further contends that Section 1880 of the 1942 Code is vague and indefinite while Section 14 of the 1945 Act particularizes the various offenses set forth and the varying degrees of punishment for violation thereof. He further contends that Section 1880 is void for

uncertainty and inoperative. A study of Section 1880 shows that it carries no penalty of itself but the doing of such acts as set forth therein are declared a common nuisance. This Section of the Code relates back to 1893, and has since been brought up to date in subsequent Codes and appears in its present form in Volume 26, Statutes of South Carolina 1910, Page 572. As heretofore stated, no penalty is provided in Section 1880, but the possession and sale of such liquors are declared to be a common nuisance, then Section 1882 provides authority for proceeding against such persons and places. The history of the act shows it to be independent of other acts, except the penalty which is provided in Section 1894, *State v. Tooley,* 107 S. C. 408, 93 S. E. 132. This section which is a portion of the same article headed "Provisions Relating to Sale of Alcohol, Nuisances, Seizures, etc." provides that:

"Upon conviction of any person for the violation of any provisions of this article, where punishment is not provided for, such persons shall be fined, or imprisoned at hard labor, in the discretion of the court: provided, the fine shall not be less than one hundred dollars, and the imprisonment not less than three months."

Section 26 of the ABC Act of 1945, section 1853, 1946 Code, supplement p. 57, limits the express repeal to former· Code Sections 1829 to 1856. We are therefore of the opinion that Section 1880 is not void for uncertainty, that it clearly denominates the doing of these acts as unlawful with the penalty being provided in Section 1894, that the General Assembly did not expressly revoke Section 1880 and did not intend to do so by implication.

We see no error in appellant's conviction upon the third count and all exceptions thereto are dismissed.

Upon trial of the cause, the State produced testimony to the effect that May 15th, the date charged in the indictment, was the date upon which the offense occurred. However, later on in the trial it was ascertained that

the date was April 15th. The State's request to be permitted to amend the indictment to conform was granted over the objection of the appellant who pled surprise. Section 1005 of the South Carolina Code of 1942 provides:

"If there be any defect in form in any indictment it shall be competent for the court before which the case is tried to amend the said indictment: provided, such amendment does not change the nature of the offense charged; that if on the trial of any case there shall appear to be any variance between the allegations of the indictment and the evidence offered in proof thereof, it shall be competent for the court before which the trial shall be had to amend the said indictment according to the proof: provided, such amendment does not change the nature of the offense charged; and after such amendment the trial shall proceed in all respects and with the same consequences as if no variance had occurred, unless such amendment shall operate as a surprise to the defendant, in which case the defendant shall be entitled, upon demand, to a continuance of the cause."

This amendment did not change the nature of the offense charged. Appellant had demanded and received a preliminary hearing prior to the trial and he made no showing whatever in the record to substantiate his position that he was taken by surprise. We find there is no merit in this contention. *State v. Richey,* 88 S. C. 239, 70 S. E. 729; *State v. Rush,* 129 S. C. 43, 123 S. E. 765.

For the foregoing reasons, we are of the opinion that all exceptions should be overruled and it is so ordered. Affirmed.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.