17248

THE STATE, Respondent, v. EDDIE CAMPBELL, JR., Appellant

(*96* S. E. (2d) *476*)

*C. Kennon Robertson, Esq.,* of Chesterfield, *for Appellant,*

434

*Robert L. Kilgo, Esq., Solicitor,* of Darlington, *for Respondent,*

*C. Kennon Robertson, Esq.,* of Chesterfield, *for Appellant,*

January 15, 1957.

TAYLOR, Justice.

Appellant was tried and convicted of the charge of perjury at the February, 1956, Term of General Sessions Court for Chesterfield County and sentenced to two years' confinement and appeals.

The indictment charges that appellant did, on the 14th day of November, 1955, at the Chesterfield County Courthouse, willfully, unlawfully, knowingly, and corruptly swear falsely and commit perjury in the Court of General Sessions for Chesterfield County, in the case of *The State v. Preston Fleming,* wherein Fleming was charged with willfully burning an automobile to collect insurance. Previously, appellant had given a written statement to the effect that he was with Preston Fleming, his father-in-law, in Fleming's 1951 Ford, when he poured either kerosene or gasoline from a glass jug on the seats and thereafter set fire to the car and destroyed it. Upon call of the case for trial, appellant repudiated the entire statement and testified to the effect that he was riding with his father-in-law on the occasion in question when the lights suddenly went out. The driver, Fleming, pulled the car to the side of the road and smoke and flames came from under the hood immediately and the car was consumed; that he was not aware of why the car burned but that he saw Fleming do nothing to bring about the destruction of the car as was set forth in the written statement. A directed verdict of "not guilty" was rendered for the defendant, Fleming. Immediately thereafter, appellant was arrested and charged with having given perjured testimony.

When the case out of which this appeal arises was called for trial, motion was made to quash the indictment upon the ground that it set forth that the written statement given in the *Fleming case* by appellant was a *sworn statement* which was incorrect in that the oath was administered by one W. G. O'Neill, Deputy Fire Marshal, Raleigh, North Carolina, and under the statutes of North Carolina a deputy fire marshal is not clothed with the authority to administer oaths. It will be noted that the indictment does not charge appellant with having committed perjury in his repudiated statement but charges that the perjury occurred in the trial of the case of *The State v. Preston Fleming;* the record reveals that the Solicitor moved to amend the indictment by striking out the word "sworn."

This motion was granted and the statement used by the State for the purpose of corroboration.

"If (a) there be any defect in form in any indictment or (b) on the trial of any case there shall appear to be any variance between the allegations of the indictment and the evidence offered in proof thereof, the court before which the trial shall be had may amend the indictment (according to the proof, if the amendment be because of a variance) if such amendment does not change the nature of the offense charged. After such amendment the trial shall proceed in all respects and with the same consequences as if the indictment had originally been returned as so amended, unless such amendment shall operate as a surprise to the defendant, in which case the defendant shall be entitled, upon demand, to a continuance of the cause." Section 17-410, Code of Laws of South Carolina 1952.

The granting of the Solicitor's motion to amend the indictment by deleting the word "sworn" with reference to the statement in nowise changed the nature of the offense charged and was entirely permissible. *State v. Rush,* 129 S. C. 43, 123 S. E. 765; *State v. Richey,* 88 S. C. 239, 70 S. E. 729; *State v. May,* 45 S. C. 509, 23 S. E. 513; *State v. McCrae,* 222 S. C. 194, 72 S. E. (2d) 451, 453; *State v. Sweat,* 221 S. C. 270, 70 S. E. (2d) 234.

Upon the Court ordering the indictment amended by deleting the word "sworn," a line, with pen and ink, was run through the word "sworn," and appellant contends the word "sworn" was left readable and that appellant was thereby prejudiced. We are unable to perceive wherein such operated to the prejudice of appellant. He was charged with having given perjured testimony in a prior trial, and the statement in question was being used as evidence to substantiate the charge. The fact that the State was willing to concede that the written statement was not a "sworn" statement could have in nowise operated to his prejudice.

It is next contended that the Court erred in refusing appellant's motion for a mistrial when one of the State's witnesses, Todd, testified over objection and after the trial Judge had ruled the proffered testimony incompetent, that upon investigation he had concluded that the fire was the result of incendiarism. The record reveals that upon objection by appellant's counsel the trial Judge stated: "Yes, you just tell what you found and let the general deductions be made by the jury." Immediately thereafter, appellant's attorney withdrew his objection and moved for a mistrial. Upon refusal of this motion, counsel then renewed his motion that the testimony be stricken and the Judge ruled such testimony inadmissible. Thereafter, appellant sought to elicit from one of his witnesses the same type of testimony as had been refused the prosecution prior to recess for lunch. Upon objection by the Solicitor, the proffered testimony was ruled incompetent. Again appellant attempted to elicit this type of information from another witness, and the trial Judge, upon objection being made by the Solicitor, stated: "We struck out of the record this morning any reference the man gave as to his conclusion about it; so now why should we let this man give his conclusions? So I am going to sustain the objection." Considerable colloquy ensued between counsel and the presiding Judge in the presence of the jury, near the end of which the Solicitor stated:

"The Court will take notice I tried to find a way this morning and couldn't find it."

Whereupon counsel for appellant inquired:

"Has your Honor instructed the jury about disregarding the testimony of Mr. Todd this morning about the running of tests? Or is he planning to do that later?

"The Court: I struck it and if I didn't, I tell you gentlemen any testimony that is ordered stricken from the record you will disabuse your mind of it completely as though it had never been said and not consider it at all. And I will try to tell them again later on."

The record as a whole reveals that the trial Judge was disallowing the testimony complained of and instructing the jury to disregard it and there could have been no misunderstanding thereabout. This question is resolved against appellant's contention.

Appellant's question No. 5, as stated in his brief, appears as follows:

"Did his Honor, the presiding judge, fail to specifically instruct the jury to disregard the prejudicial testimony as to conclusions by the witness Todd in accordance with the ruling of the Court while the jury was out that the testimony would be stricken? Or, was the defendant entitled to an immediate instruction that the specific testimony was stricken?"

A portion of what was said in disposing of No. 4 is *a propos* to this question. Not only did the trial Judge order it stricken and disregarded, but at the end of the charge, when the jury had been excused, the Court inquired of counsel if it had overlooked anything in the charge and there was no request for further charge thereabout. *State v. Anderson,* 229 S. C. 403, 93 S. E. (2d) 210; West's South Carolina Digest, Criminal Law, Key 867; Section 10-1210, Code of Laws of South Carolina 1952.

Question No. 6 charges error in that the charge to the jury on the elements required for conviction of perjury should have been prefixed with the words "whether or not." A reading of the charge leaves no question but that it was clear on this point, and there was no request for clarification or further charge thereabout. This contention must be dismissed as being without merit.

Question No. 7 charges that the Court refused to charge appellant's request No. 3 because of its length. At the conclusion of the Judge's charge, the jury was excused and the following transpired:

"The Court: Can you think of anything I overlooked?

"Mr. Robertson: Does your Honor take the position that my specific requests were covered by the Court's general charge?

"The Court: I think I did. I tried to.

"Mr. Robertson: Yes, sir, I believe the Court is correct in that. Would your Honor please examine Number Ten? I think that you said essentially that, but would you please look at it and see if you think that should be charged?

"The Court: I think that is it because I said that it was where he was here in Court and was under oath and testified during the trial of a case. I believe I covered it.

"Mr. Robertson: Yes, sir, your Honor did charge essentially as in my Number Ten. And the Court rules that the specific requests were covered by the general charge?

"The Court: I think so. Of course, to your Number Three, why you almost got me charging on the encyclopedia there as I know you don't mean it.

"Mr. Solicitor, anything you can think of?

"Solicitor Kilgo: Nothing further."

There is no merit in this contention and it must be dismissed.

Appellant next contends that he was entitled to have requests Nos. 1, 6, 10, 12, 15, and 16 charged, they being correct statements of law not covered in the general charge.

This question was encompassed in the discussion of question No. 7 and must be resolved adversely to appellant's contention. *State v. Anderson, supra.*

Appellant's 9th question as it appears in his brief is: "Did the introduction of the Transcript of Record of the trial, the *State v. Fleming* (State's exhibit No. one), compel the witness to give evidence against himself in that such Transcript shows that the state's attorney knew before the witness took the stand that he would not testify in accordance with the former statement as indicated on page 30 of said exhibit that the attorney told the witness, now defendant, 'keep on building it up now,' admitted that Thomas B. Todd had told the witness that he could be prosecuted along with Preston Fleming, and thereupon ordered the arrest for perjury?"

This question was neither presented to nor passed upon at the time of trial; however, there is no merit in this exception.

We are of the opinion that all exceptions should be dismissed and It Is So Ordered. Affirmed.

STUKES, C. J., and OXNER and MOSS, JJ., concur.

LEGGE, J., not participating.