308 So.2d 68 (1975)
George D. NEWELL
v.
STATE of Mississippi.
No. 48075.
Supreme Court of Mississippi.
January 27, 1975.
Dewitt Talmage Allred, Jr., Collins, Leo I. Fox, Chicago, Ill., for appellant.
A.F. Summer, Atty. Gen., by Vera Madel Speakes, Sp. Asst. Atty. Gen., Jackson, for appellee.
GILLESPIE, Chief Justice:
George D. Newell was convicted in the Circuit Court of Jasper County of rape and appeals to this Court.
*69 The victim was a fourteen-year old girl who was dragged into the kitchen area of the Heidelberg High School building by George D. Newell, a substitute teacher who had taught the victim, and another young man. Although the victim fought her assailants, both of whom she knew, they physically subdued her and both raped her twice. She made complaint immediately after being released. When she got home she was distraught and bleeding from lacerations resulting from being raped. Medical examination revealed that she had lacerations, had recently had intercourse, and that before the occurrence was a virgin. Both defendants, Newell and Donnie McCormick, who were tried together, denied the charges.
The jury acquitted McCormick and convicted Newell.
Newell raises only two somewhat related questions that justify discussion.

I.
It is contended that the trial court erred in instructing the jury after it had retired to consider its verdict. After arguments were completed and the jury was deliberating, it inquired of the court through the bailiff whether it could convict one defendant and acquit the other. After considerable deliberation, the court sent the jury a written answer as follows: "The court has received an inquiry from the jury as follows: Can the jury convict one and acquit the other? The answer the Court gives you to this question is that you can."
Newell's counsel objected to this instruction on the ground that the court could not instruct the jury during deliberations. He did not disagree with the correctness of the instruction, but said to the judge, "We don't disagree with the fact that is the law that they can" (convict one and acquit the other).
It is first argued that after the jury retired to consider its verdict, the court could not thereafter give an instruction to the jury. In Wages v. State, 210 Miss. 187, 49 So.2d 246 (1950), this Court found no reversible error when, in response to an inquiry from the jury after it had retired to consider its verdict, the trial court granted the state an instruction. Conceding that the proper procedure requires that all instructions be submitted before the jury retires, the Court in Wages said that a clear understanding by the jury of the controlling issues was more important than following the letter of procedural formula, and that what the jurors are instructed upon is more important than when it is done. On the authority of Wages, we hold that instructing the jury after it had retired to consider its verdict was not reversible error. Rule 14, Uniform Rules of the Circuit Courts, requiring instructions to be filed twenty-four hours in advance of trial may be and often is, out of necessity, waived.
The other aspect of this question is whether the court erred in preparing and sending to the jury a written instruction without a request from one of the parties. This procedural question has been decided adversely to defendant in the case of Newell v. State, Miss., 308 So.2d 71, decided this date.

II.
It is also argued that the verdict of the jury convicting Newell and acquitting McCormick is inconsistent and upon the authority of Davis v. State, 75 Miss. 637, 23 So. 770, 941 (1898), the trial court should have sustained Newell's motion for judgment notwithstanding the verdict. The argument on this question is based on the contention that the State's case against both defendants consisted of the testimony of one witness, the victim, whose testimony was the same against both defendants insofar as it involved their identity, their presence, and the use of force. In Davis, the Court held that where there is but one witness against two defendants jointly indicted *70 and his testimony equally affects both, a different result cannot be legally reached as to the two defendants.
The opinion in Davis emphasized that the testimony of the State's one witness was in all respects and in every detail identical as against both defendants. In that case the jury found one guilty and disagreed as to the other. The opinion in Davis cited three cases as the only authority on the subject. In all three of those cases two or more defendants were indicted and the jury convicted one defendant of one crime and another of a different crime. Davis therefore appears to have been predicated on cases unlike the one then before the Court. Two of the cases cited and relied upon in Davis were South Carolina cases. That State does not now follow the rule that verdicts must be consistent. State v. Rush, 129 S.C. 43, 123 S.E. 765 (1924).
In Rush the South Carolina Court held that a verdict of guilty of manufacturing whiskey as to two defendants need not necessarily be set aside because inconsistent with verdict of acquittal as to another defendant, even though the evidence of guilt of each is identical.
A recent annotation beginning at 22 A.L.R.3d 717 (1968), states the general rule as follows:
"Most modern authorities subscribe to the view that criminal verdicts as between two or more defendants tried together need not demonstrate rational consistency." 22 A.L.R.3d at 723.
In Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932), the Supreme Court of the United States held that consistency in the verdict is not necessary, stating that if separate indictments had been presented against the defendants, and they had been separately tried, the same evidence being offered in support of each an acquittal of one could not be pleaded as res judicata of the other.
In Dunn, Justice Holmes said:
"The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity." 284 U.S. at 393, 52 S.Ct. at 190.
In United States v. Dotterweich, 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48 (1943), in response to an argument of inconsistency in the verdict, the Court said: "Juries may indulge in precisely such motives or vagaries."
Davis has not been cited or followed by this or any other court in the seventy-eight years since it was decided. If the defendants Newell and McCormick had been tried separately on the same indictment and the testimony had been identical in both cases, an acquittal of one would not affect a verdict of guilty as to the other. The rule should be the same when they are tried together. Under the proof in this case, it seems manifest to this Court that the jury erred not in convicting Newell, but in acquitting McCormick. This Court would not be justified on reason or authority to discharge Newell because the jury in effect pardoned McCormick. To apply Davis to the present case would be mischievous and, although Davis can be distinguished from the present case, we are of the opinion that Davis ought to be and is hereby overruled.
Finding no reversible error, the judgment of the trial court is affirmed.
Affirmed.
All Justices concur.