377 So.2d 615 (1979)
Edward DePRIEST
v.
STATE of Mississippi.
No. 51411.
Supreme Court of Mississippi.
December 5, 1979.
*616 Farese, Farese & Farese, John Booth Farese, Ashland, for appellant.
A.F. Summer, Atty. Gen. by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., and BROOM and COFER, JJ.
ROBERTSON, Presiding Justice, for the Court:
Edward DePriest and James Crockett were jointly indicted in the Circuit Court of Lee County for the sale of "a quantity of Phenmetrazine, a Schedule II drug under the Uniform Controlled Substances Act of the State of Mississippi", to Shirlene Anderson, an undercover agent of the Mississippi Bureau of Narcotics.
After a full trial, the jury returned a verdict of "guilty as charged" against Edward DePriest. When the jury could not agree on a verdict for James Crockett, a mistrial was declared as to him. DePriest was sentenced to six years in a facility designated by the Department of Corrections, with two years suspended for good behavior.
DePriest has assigned three errors:
1. The trial court erred in refusing the defendant's request for a directed verdict or peremptory instruction since the state failed to meet its burden of proof.
2. The trial court erred in failing to give a circumstantial evidence instruction.
3. The trial court erred in allowing inconsistent jury verdicts for codefendant Crockett and defendant DePriest.
About 8:00 p.m. January 28, 1977, Shirlene Anderson and a confidential informant entered the Top Out Club in Tupelo. DePriest, the manager of the Club, came over to Agent Anderson's table and introduced himself. Shortly thereafter, James Crockett came over to Anderson's table and introduced himself. Crockett asked Anderson if she used drugs, and if she would like to buy some preludin, which is an amphetamine drug. Agent Anderson replied that she did not use drugs but would like to buy some for a friend, whereupon Crockett went up to the bar. Anderson testified:
"A DePriest was at the bar already. They carried on a conversation for a short period of time. Not a long conversation. Then he returned to the table with the drugs.
Q Did Crockett have the drugs in his hand when he returned?
A Yes, he had them in his hand wrapped up in some tissue paper. And he removed the drugs from this tissue paper and placed them in my hand and then I placed the money [a $20 bill] in his hand.
Q I see. Did you see Crockett hand the $20.00 to DePriest?
A I witnessed Crockett reach across the counter and hand DePriest something, which I believe to be money. Then I got up to go up there to make sure.
Q Did you see what, if anything, DePriest did with whatever he was handed?

*617 A Yeah. DePriest didn't put the money in the cash register. I know that. He put it up under the cash register, down like a shelf like. And while I was sitting there, I noticed others purchasing drugs. And he was putting the money at the same place."
On redirect examination, Anderson testified:
"Q Could you tell whether or not Mr. Crockett received that white tissue paper when he went to the bar?
A Yes, he received it when he went to the bar.
Q Do you know whether or not he got it from DePriest?
A At that time DePriest was the only person standing talking to Crockett and at that particular place at that particular time."
This was not a wholly circumstantial evidence case. Part of the evidence was direct and part circumstantial. So it was a case for the jury to decide under proper instructions.
It was not a case for a directed verdict or peremptory instruction, so the trial court was correct in overruling defendant DePriest's motions for such instructions.
Defendant next contends that the trial court erred in failing to give a circumstantial evidence instruction. Not being a wholly circumstantial evidence case, the trial court was correct in not giving a circumstantial evidence instruction that the defendant must be found guilty beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis.
It is apparent to this Court that counsel for defendant DePriest did not consider this a wholly circumstantial evidence case because when the instructions were being passed on the trial judge deleted from court's instructions 2 and 3 "and to the exclusion of every reasonable hypothesis." The court then remarked:
"All right, with those two deletions, are there any objections?"
To the court's question, DePriest's counsel answered:
"I have no objection, Your Honor."
Not only did DePriest's counsel not object to court's instructions 2 and 3 but also was granted defense instruction 2 that required the state to prove its case beyond a reasonable doubt only.
Rule 42, Mississippi Supreme Court Rules, provides:
"The judges of the circuit courts of Mississippi have adopted uniform rules of procedure for the circuit courts, and among those rules adopted is Rule 14 requiring attorneys to file jury instructions with the circuit clerk and to deliver copies of the instructions proposed to be given the jury to opposing counsel before the trial. The rule further provides that attorneys are required to dictate their specific objections to an instruction offered, thus giving the trial judge an opportunity to pass upon the objections before the case is argued before the jury.
"After considering the foregoing rule, we are convinced that it will aid in promoting better judicial procedure and should be implemented by this Court. It is, therefore, the rule of this Court that no assignment of error based on the giving of an instruction to the jury will be considered on appeal unless specific objection was made to the instruction in the trial court stating the particular ground or grounds for such objection. However, in extreme cases this Court may raise an objection to a jury instruction in order to prevent manifest injustice." (Emphasis added).
According to the record, defense counsel had no objection to the court's amended instructions 2 and 3, so there's no question that our Rule 42 applies and thus there is no merit in the defendant's contention that the trial court erred when it failed to grant a circumstantial evidence instruction.
Lastly, the appellant contends that the trial court erred in allowing inconsistent jury verdicts for co-defendants Crockett and DePriest.
*618 This same contention was made in Newell v. State, 308 So.2d 68 (Miss. 1975). In Newell, the Court followed the modern rule that "criminal verdicts as between two or more defendants tried together need not demonstrate rational consistency." In Newell, one defendant was convicted of rape while his co-defendant was acquitted of the came charge. In Newell, we refused to reverse on account of inconsistent verdicts.
In the case at bar, a mistrial was declared as to co-defendant Crockett because of a hung jury. This is not a ground for reversal of the guilty verdict as to DePriest.
His conviction and sentence are, therefore, affirmed.
This case was considered by a conference of the judges en banc.
AFFIRMED.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.