485 So.2d 1064 (1986)
Johnny HARPER
v.
STATE of Mississippi.
No. 56506.
Supreme Court of Mississippi.
March 12, 1986.
Mose Lee Sudduth, Jr., Columbus, for appellant.
Edwin Lloyd Pittman, Atty. Gen., by Wayne Snuggs, Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and HAWKINS and ROBERTSON, JJ.
WALKER, Presiding Justice, for the Court:
Appellant prosecutes this appeal from the Circuit Court of Lowndes County, Honorable Earnest L. Brown presiding, wherein he was indicted and tried for and convicted of the crime of possession of more than one ounce but less than one kilogram of marijuana and was sentenced as an habitual offender to pay a fine of $3,000.00 and to serve a term of three (3) years imprisonment in the custody of the Department of Corrections.
Appellant's only assignment of error is that the trial court erred in overruling his motion to suppress evidence.
*1065 The case began on July 28, 1984, when two agents from the Columbus-Lowndes Narcotics Unit and two Columbus Police officers went to Apartment D, 1112 6th Avenue North, Columbus, Mississippi to execute a search warrant on Apartments C and D and a 1972 Green Mercury automobile alleged to be the property of Johnny Harper.
Harper and Barbara Roland were listed as the persons living in Apartment D. There was a complete search of the apartment and no drugs were found in the house, however marijuana in an amount greater than one ounce was found in the automobile.
The narcotics agent obtained the search warrant based on information from a confidential informant who had seen Harper in the automobile with drugs within a thirty six hour period, and who had given information in the past that had led to confiscation of drugs in the past and misdemeanor convictions.
The trial court overruled the appellant's motion to suppress evidence, motion for a directed verdict, peremptory instruction and motion for a new trial.
Appellant contends that the affidavit for search warrant contained insufficient probable cause to support issuance of the warrant. The pertinent portion of the underlying facts and circumstances section of the affidavit reads as follows:
On July 27, 1984, affiant was advised by a confidential informant that within the past 36 hours prior to the issuance of this affidavit and search warrant informant saw marijuana being kept inside the residence of Barbara Rollins[1] and Johnny Ray Harper located at 1112 6th Avenue North # D Columbus, Mississippi.
Informant has on prior occasions proven to be reliable and credible by providing information that resulted in the seizure of marijuana, paraphernalia and other controlled substances.
Informant further stated that marijuana was being kept inside a 1972 Green Mercury, bearing license plate # MKP-566, this vehicle being registered to Johnny Ray Harper. Informant personally observed marijuana in said vehicle within 36 hours prior to the issuance of this affidavit and search warrant.
In the recent case of Breckenridge v. State, 472 So.2d 373, 376 (Miss. 1985), the Court explained the test to be employed in reviewing a claim that a search warrant was not based upon constitutionally sufficient probable cause.
We have faithfully enforced the two-pronged test of Aguilar and Spinelli. That test has been supplanted by Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), wherein the United States Supreme Court established a "totality of the circumstances" approach. Under Gates the magistrate issuing the warrant is to take a practical, commonsense approach of whether, given all the circumstances set forth in the affidavit before him, including veracity and basis of knowledge of the person supplying the information there is a fair probability that contraband or evidence of crime will be found in a particular place... .
In Lee v. State, 435 So.2d 674, 675 (Miss. 1983), we accepted the "totality of the circumstances" approach for determining whether probable cause exists.
In Massachusetts v. Upton, 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984), the Supreme Court rebuked the Massachusetts Supreme Judicial Court's holding that Gates "merely add[ed] a new wrinkle to [the] two-pronged test". 466 U.S. at 762, 104 S.Ct. at 2087, 80 L.Ed.2d at 726. The Court made it clear that in Gates, "We did not merely refine or qualify the `two-pronged test'. We rejected it as hypertechnical ..." Ibid. The Court also made clear that Gates rejected an after-the-fact, de novo scrutiny of the affidavit by *1066 the reviewing court. The job of the reviewing court under Gates, as well as Breckenridge, is simply to insure that the issuing magistrate had a substantial basis for concluding that there was a fair probability that contraband or evidence of crime would be found on the premises to be searched.
In the case at bar, the requirements under Gates and Breckenridge are met. The affidavit states that information furnished by the confidential informant in the past had been proven reliable as it had resulted in the seizure of contraband and controlled substances. This Court in Breckenridge recognized that the "prior use and reliability of the informant" was sufficient to satisfy even the stricter requirements of the Aguilar/Spinelli test. In addition, the informant in the case sub judice gave agent Thompson a description of the automobile to be searched, and Thompson verified that the described car belonged to the appellant. This corroboration further enhanced the informant's already established reliability.
The affidavit also supplied the magistrate with a substantial basis to believe that the informant's information was based upon more than mere hearsay, rumor or street talk. The magistrate was clearly informed that the informant's basis of knowledge was the fact that he personally saw the marijuana in appellant's car within the past 36 hours. This Court has held previously that personal observation by the informant satisfies the now discarded "basis of knowledge" prong of Aguilar. See, e.g., Strode v. State, 231 So.2d 779 (Miss. 1970). Such personal observation certainly passes muster under the less strict Gates test.
Based upon the totality of the facts and circumstances contained in agent Thompson's affidavit, the magistrate had a substantial basis for concluding that there was a fair probability that marijuana would be found in the automobile described in the affidavit. Therefore, the judgment of the circuit court is affirmed.
AFFIRMED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
PRATHER, J., not participating.
NOTES
[1] We note that in one place in the record the name is spelled Roland while in other places it is spelled Rollins.