DAN M. LEE, Justice,
for the Court:
C.A. Dodson was convicted of possession of more than one ounce of marijuana by a jury of the First Judicial District of Hinds County and he was sentenced to three years in the custody of the Mississippi Department of Corrections and fined $3,000.00. Feeling aggrieved, he appeals here and assigns the following errors:
I.
DID THE TRIAL COURT ERR IN REFUSING TO GRANT A CIRCUMSTANTIAL EVIDENCE INSTRUCTION IN A CONSTRUCTIVE POSSESSION CASE?
On this question we are controlled by Keys v. State, 478 So.2d 266, 267 (Miss.1985); Davis v. State, 431 So.2d 468 (Miss.1983); Smith v. State, 394 So.2d 1367 (Miss.1981); Bullock v. State, 391 So.2d 601 (Miss.1981); DePriest v. State, 377 So.2d 615 (Miss.1979). There is no merit to this assignment of error.
II.
WAS THE VERDICT CONTRARY TO THE LAW AND THE EVIDENCE?
The record before us does not sufficiently raise a question of whether there was non-exclusive possession of premises where contraband was found. Thus, the state was not required to prove additional incriminating details. Keys v. State, 478 So.2d 266 (Miss.1985); Powell v. State, 355 So.2d 1378 (Miss.1978). There is no merit to this assignment of error.
*576 III.
WAS THE CONTRABAND SEIZED AS THE RESULT OF AN ILLEGAL SEARCH?
The trial court properly found that the search warrant was issued upon probable cause. Harper v. State, 485 So.2d 1064 (Miss.1986); Henry v. State, 486 So.2d 1209 (Miss.1986); Garvis v. State, 483 So.2d 312 (Miss.1986); Lee v. State, 435 So.2d 674 (Miss.1983). There is no merit to this assignment of error.
IV.
DID THE TRIAL COURT ERR IN NOT PROHIBITING THE STATE FROM REFERRING TO DEFENDANT’S PREVIOUS EXPUNGED CONVICTION FOR POSSESSION OF NARCOTICS?
The record is confused and unclear concerning whether this point was preserved for appeal or waived at trial and thus the question is not properly before us for review.
V.
WAS IT ERROR NOT TO GRANT A NEW TRIAL?
The record demonstrates the trial court did not abuse its discretion in denying Dodson’s request for a new trial. Gray v. State, 487 So.2d 1304 (Miss.1986); Gavin v. State, 473 So.2d 952 (Miss.1985). There is no merit to this assignment of error.
VI.
WAS IT ERROR TO OVERRULE DEFENDANT’S MOTION FOR A PEREMPTORY INSTRUCTION?
What has been stated previously controls this question. There is no merit to this assignment of error.
Finding no merit to any of the assigned errors, we accordingly affirm.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and PRATHER, ROBERTSON, SULLIVAN and GRIFFIN, JJ., concur.
ANDERSON, J., not participating.