504 So.2d 1194 (1987)
Carl SMITH
v.
STATE of Mississippi.
No. 55923.
Supreme Court of Mississippi.
March 11, 1987.
Rehearing Denied April 22, 1987.
*1195 Isaac K. Byrd, Jr., Byrd & Associates, Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Jack B. Lacy, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, C.J., and SULLIVAN and ANDERSON, JJ.
WALKER, Chief Judge, for the Court:
Carl Smith was convicted in the Circuit Court of the First Judicial District of Hinds County of possession of cocaine with intent to distribute. He was sentenced to thirty (30) years imprisonment with fifteen (15) years suspended on five (5) years supervised probation, and fined $50,000.00. From that conviction, Smith appeals. Finding no error, we affirm.
On October 6, 1983, Detective P.C. Burnham of the Jackson Police Department was contacted by a confidential informant. Based on information provided by the informant Detective Burnham prepared the following affidavit:
I, Detective P.C. Burnham have received information from a confidential and reliable source who in the past has furnished true and accurate information in the area of narcotic activity in the City of Jackson, Mississippi.
This source now tells me that at 156 Queen Andria, cocaine is being kept. This source has in the past 24 hours been to this address and seen cocaine there. 156 Queen Andria is a residence controlled by Carl E. Smith.
Based on the above information I request that a search warrant be issued for 156 Queen Andria, Jackson, Mississippi.
Detective Burnham presented the affidavit to Judge Patricia Hancock, a municipal judge, and requested a search warrant for the residence. Judge Hancock issued the warrant.
Having obtained the warrant, Detective Burnham, along with five (5) other officers, drove to the residence at 156 Queen Andria. Inside that residence they found a bag containing a white, powdered substance which subsequent laboratory tests revealed to be cocaine.
After a suppression hearing, the cocaine was admitted into evidence at trial. Smith was convicted of possession of cocaine with intent to distribute. From that conviction he appeals, claiming that the search warrant was not supported by probable cause.
In Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court established a "totality of the circumstances" standard for determining the existence of probable cause:
The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.
462 U.S. at 238, 103 S.Ct. at 2332, 76 L.Ed.2d at 548. We adopted the Gates "totality of the circumstances" test in Lee v. State, 435 So.2d 674, 676 (Miss. 1983) and have applied it in numerous subsequent cases. Seales v. State, 495 So.2d 475, 478 (Miss. 1986); Harper v. State, 485 So.2d 1064, 1065 (Miss. 1986); Drane v. State, 493 So.2d 294, 298-99 (Miss. 1986); Garvis v. State, 483 So.2d 312, 314 (Miss. 1986); Walker v. State, 473 So.2d 435, 438 (Miss. 1985); Breckenridge v. State, 472 So.2d 373, 376 (Miss. 1985); McCommon v. State, 467 So.2d 940, 941 (Miss. 1985); Hester v. State, 463 So.2d 1087, 1090 (Miss. 1985).
*1196 In reviewing the magistrate's finding, we do not determine de novo whether probable cause existed. Massachusetts v. Upton, 466 U.S. 727 at 732-33, 104 S.Ct. 2085 at 2088, 80 L.Ed.2d 721 at 727 (1984); Harper v. State, 485 So.2d 1064, 1065 (Miss. 1986). Rather, our task as a reviewing court is to insure that there was a substantial basis for the magistrate's determination of probable cause. Id.
Viewing the facts before us in light of this standard, we find in the affidavit a substantial basis for the magistrate's determination that probable cause existed. Specifically, the affidavit revealed that Detective Burnham had received information from a source who had given him, in the past, true and accurate information about "narcotic activity" in the City of Jackson. The affidavit also disclosed that the informant had been to the residence within the last twenty-four (24) hours and had seen the cocaine there. These facts provided a substantial basis for the magistrate's determination that probable cause existed.
The trial court did not err in denying the motion to suppress. The conviction and sentence are affirmed.
AFFIRMED.
ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.